Keith R. HICKMAN *v.* Keith D. CARTER

93-735                                          870 S.W.2d 382

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Barker & Selby*, by: *Paul D. Selby*, for appellant.

*Michael D. Ray*, for appellee.

ROBERT H. DUDLEY, Justice. Plaintiff, Keith Carter, and defendant, Keith Hickman, were involved in a two-car wreck. The investigating officer testified that defendant's car crossed over the centerline into plaintiff's lane and struck plaintiff's car. His testimony was based on gouge marks left in the road. Plaintiff also testified that defendant's car crossed over into his lane and the left headlights of both cars met head on. Plaintiff admitted that he had drunk two bottles of beer, but testified that he was not drunk, was in control of his vehicle, and that the alcohol did not affect him. He took a breathalyzer test after the accident and registered .08 blood alcohol content.

The defendant testified that he did not recall how the accident occurred. The investigating officer testified that, because

the defendant was lying on the ground vomiting, he leaned over to check the defendant's condition and smelled a strong odor of alcohol coming from the defendant. At trial, the defendant's cheeky explanation was that the smell of alcohol came from kissing a woman who had been drinking. Similarly, he claimed he was charged with refusal to submit to a breathalyzer test as a spiteful response by police to his request to take the breathalyzer test when the police did not have the breathalyzer equipment available.

At a bench trial the judge found for plaintiff and fixed the amount of damages at $3,000. We affirm the judgment.

Defendant-appellant contends that the trial court erred in finding that his negligence was the sole cause of the accident. The determination of negligence and the apportionment of fault among the parties is ordinarily an issue for the finder of fact, and it is not our province to compare the apportionment of negligence of the litigants when a fair-minded factfinder might reasonably reach conclusions different from ours. *Johnson* v. *Cross*, 281 Ark. 146, 661 S.W.2d 386 (1983); *McDonald* v. *Hickman*, 252 Ark. 300, 478 S.W.2d 753 (1972). This is essentially the same test as that of substantial evidence. *Johnson; Farrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981). Here, the finder of fact could reasonably have found the defendant's negligence was the sole cause of the wreck, and we will not disturb that finding.

Defendant-appellant's next argument is that the trial court erred in awarding damages because the plaintiff had no basis for his testimony about the value of his car. We do not reach the argument because the defendant did not raise this objection at trial, and we will not consider the matter for the first time on appeal. *Insured Lloyds* v. *Mayo*, 244 Ark. 802, 427 S.W.2d 164 (1968).

The defendant did move for a directed verdict because of "inadequacy" of the proof of damages. Perhaps his argument is intended to go to the denial of this motion, and so we briefly address the matter. In reviewing the ruling on the motion, an appellate court considers all of the evidence admitted. We do not exclude the evidence which the appealing party contends was

erroneously admitted. The plaintiff testified that his car was worth $3,000 immediately before the accident, and that it was totally destroyed in the accident. The plaintiff additionally testified that the cost of repairs was more than the worth of the car before the accident.

We have consistently allowed the property owner to give his or her opinion of the value of the damaged property. *Walt Bennett Ford, Inc.* v. *Brown*, 283 Ark. 1, 670 S.W.2d 441 (1984). Testimony by an owner can constitute substantial evidence of the damages. *Stipp* v. *Jenkins*, 239 Ark. 15, 386 S.W.2d 695 (1965). Additionally, we have long held that, in the absence of other competent proof of damages, the difference in market value before and after the collision may be established by showing the amount paid in good faith for the repairs necessitated by the collision. *Sipes* v. *Munro*, 287 Ark. 244, 697, 905 S.W.2d (1985). Thus, the trial court did not err when it denied the motion for a directed verdict on the ground that the proof of damages was inadequate.

Affirmed.