Ge ZHAN *v.* Nancy E. SHERMAN

95-794                                        913 S.W.2d 776

Supreme Court of Arkansas
Opinion delivered January 22, 1996

*Craig Lambert*, for appellant.

*James, Yeatman & Carter PLC*, by: *Paul J. James*, for appellee.

Tom Glaze, Justice. In March of 1993, appellee Sherman advertised the sale of her 1983 Oldsmobile in the newspaper. Her ad asked for $2,500, but she hoped to get $2,200.00, which is what she believed the car was worth. Appellant Ge Zhan responded to Sherman's ad. Sherman permitted Zhan to test drive the car which was parked in Sherman's driveway. The car was on a slope and when Zhan entered the car, she pulled the gear shift out of park before turning on the engine. As a consequence, the car rolled down the driveway where it ran into someone's fence. The fence and the right rear quarter panel of the car were damaged. A Little Rock police officer, Tommy Hudson, came to investigate the accident and while there, pulled the car out of the fence. As a result of Zhan's actions, Sherman paid for damages to the fence and ended up selling her damaged car to a third party, Herb Peach, for 1,000.00, less $200.00 which Sherman agreed to pay for repairing the car's radiator.[1]

Sherman later filed suit against Zhan, alleging Zhan's negligence had caused her damages in the amount of $1,334.36. A bench trial resulted, and after hearing the testimony of Sherman, Zhan, Police Officer Hudson and Peach, the trial court found Zhan's negligence caused Sherman damages in the amount of $800.00 to the car and $134.36 to the fence. The trial court also

---

[1] The radiator was not a repair required as a result of Zhan's accident.

awarded $189.64 to Sherman for costs. On appeal, Zhan does not question the trial court's finding of negligence, but instead claims the trial court erred in calculating Sherman's damages in the amount of $989.64 and arguing the amount was based upon speculation and inadmissible hearsay. Zhan also argues the trial court erred in awarding costs, stating the amount awarded is not supported by the record.

In her first argument, Zhan recognizes that, under Arkansas law, the measure of damages to automobiles is the difference in the fair market value of the automobile before and immediately after the accident. *See* Ark. Code Ann. § 27-53-401 (1987); AMI Civil 3d 2210 (1989); *Daughhetee* v. *Shipley*, 282 Ark. 596, 669 S.W.2d 886 (1984). This court has also held that, when proving damages for property that was not a total loss, the difference in fair market value may be established by the reasonable cost of repairing the damaged property. *Minerva Enter., Inc.* v. *Howlett*, 308 Ark. 291, 824 S.W.2d 377 (1992). Here, Zhan concedes Sherman showed her car was worth $2,200.00 before Zhan damaged it. However, Zhan's contention is that Sherman failed to prove the value of her car after the accident. Zhan is wrong.

This court has consistently allowed the property owner to give his or her opinion of the value of damaged property. *Hickman* v. *Carter*, 315 Ark. 678, 870 S.W.2d 382 (1994); *Minerva Enter., Inc.*, 308 Ark. 291, 824 S.W.2d 377. Here, Sherman testified that the after value of her car was $1,000.00, making the difference in the fair market value or loss to be $1,200.00 ($2,200.00 minus $1,000.00). The trial court questioned Sherman's after-value figure, suggesting the evidence reflected that her damaged car was worth more than $1,000.00. In fact, the trial court entered judgment in the amount of $800.00, which reflects a higher after value than Sherman gave her damaged car. Sherman never questioned the trial court's reduction of Sherman's proposed $1,200.00 damage amount; instead, it is Zhan who complains that the damages were awarded in error.

Zhan argues that it is unclear how the trial court arrived at its $800.00 figure, and therefore the amount was undoubtedly based upon speculation. In sum, Zhan asserts Sherman did not

present sufficient evidence of the fair market value of the car. Additionally, she says the court committed reversible error when it allowed Sherman to introduce inadmissible hearsay, a repair estimate, which reflected the cost to repair Sherman's car was $1,077.09.

█ We would initially point out that regardless of the inadmissibility of the repair estimate introduced by Sherman, this court has held that a nonjury case should not be reversed because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made. *Butler* v. *Dowdy*, 304 Ark. 481, 803 S.W.2d 534 (1991). First, the repair estimate amount was only $122.91 more than the competent value testimony given by Sherman; thus that estimate evidence cannot be said to have affected the trial court's findings or award of damages any more than Sherman's testimony.

We next mention that, besides Sherman's owner-value testimony concerning damages, Officer Hudson testified, without objection, that he believed Sherman's car had been damaged in the approximate amount of $200.00. Peach, the purchaser of the damaged vehicle, concluded he believed the car was worth the $1,000.00 he was willing to pay for it. In sum, the evidence reflects the car damages ranged from as much as $1,200.00 and as little as $200.00.

█ Our cases give the factfinder, jury or trial court, some latitude in its decision in awarding damages when arriving at a fair market value figure and have not required exactness on the proof of damages. *See Lancaster* v. *Schilling Motors, Inc.*, 299 Ark. 365, 772 S.W.2d 349 (1989); *Moore Ford Co.* v. *Smith*, 270 Ark. 340, 604 S.W.2d 943 (1980); *see also Jim Halsey Co.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985). If it is reasonably certain that some loss has occurred, it is enough they can be stated only proximately. *Dr. Pepper Bottling Co.* v. *Frantz*, 311 Ark. 136, 842 S.W.2d 37 (1992). We conclude that is the situation here and hold the competent evidence supports the trial court's award of $800.00 for the car's damages.

█ In presenting her first argument, Zhan also complains

about the trial court's ruling, allowing Sherman to introduce an invoice or bill, reflecting the fence damage amounted to $134.36. Again, Zhan's complaint is that the bill was inadmissible, prejudicial hearsay requiring reversal. In making this argument below and on appeal, Zhan ignores Sherman's unobjected to testimony that she had paid $134.36 for the repair of the fence. Based on this competent evidence, we affirm the trial court's award for the damaged fence.

For her second point, Zhan argues that, at the close of the trial below, the trial court ordered Zhan to pay Sherman's costs in the amount of $44.24, including filing fee and service costs. These costs were mentioned during trial. However, when the trial court's judgment was entered, it awarded $189.64 in costs. Based on the record, Zhan submits she is obligated to pay only the filing fee cost because Sherman waived service costs at trial and limited her cost request to the filing fee.

Under ARCP Rule 54(d), costs authorized by statute or by the rules of civil procedure shall be allowed to the prevailing party if the court directs, unless a statute or rule makes an award mandatory. In construing this rule, our court has held that Rule 54(d) gives the trial judge discretion in awarding authorized costs. *Darragh Poultry & Livestock Equip. Co. v. Piney Creek Sales, Inc.*, 294 Ark. 427, 743 S.W.2d 804 (1988).

We affirm the trial court's award of costs because Zhan could have raised this issue after the judgment was entered. *See* ARCP Rule 52 (a) and (b). If Zhan believed the trial court erred in its cost award, she could have requested the judgment be amended to comport with the proof and law. Because Zhan failed to raise that issue below, we will not consider it on appeal. *Oglesby* v. *Baptist Medical Sys.*, 319 Ark. 280, 891 S.W.2d 48 (1995).