RYMOR BUILDERS, INC. *v.*
TANGLEWOOD PLUMBING COMPANY, INC.

CA 06-1430                                265 S.W.3d 151

Court of Appeals of Arkansas
Opinion delivered October 10, 2007

[Rehearing denied November 14, 2007.]

*Frances Morris Finley*, for appellant.

*Matthews, Sanders & Sayes*, by: *Doralee I. Chandler* and *Gail O. Matthews*, for appellee.

D.P. MARSHALL JR., Judge. This contract case asks two important procedural questions: in a bench trial, how should a circuit court evaluate a defendant's motion for dismissal after the plaintiff rests? And when must an appellant make its arguments on appeal for the appellate court to decide those arguments on the merits? Here, the circuit court erred by evaluating the witnesses' credibility prematurely. But the appellant waived this error because it failed to argue the point until its reply brief.

## I.

Rymor Builders, Inc. and Tanglewood Plumbing Co. made three contracts about the plumbing work on three houses. All went well on the first stage of each project. And Rymor paid Tanglewood the agreed 70% of each contract price for this rough-in work. Things fell apart, however, when it came time for Tanglewood to trim-out these jobs — finish them by installing all the fixtures. According to Rymor, Tanglewood dragged its feet on doing the work. According to Tanglewood, Rymor refused to sign the necessary change orders about the fixtures to be installed. Rymor eventually hired other plumbers to trim-out the plumbing in the three houses and then sued Tanglewood, alleging breach of the parties' contracts.

At the bench trial, Rymor called Tanglewood's owner (Troy Wilkins) as its first witness. At the conclusion of Rymor's examination of Wilkins, Tanglewood's lawyer said, "I'll just go ahead and put on my case-in-chief, your Honor, since you've heard that part of it[,]" and examined Wilkins further. Then Rymor's two principals testified. All of the material documents about these transactions seem to have been admitted into evidence

during the testimony of these three witnesses. It was a classic swearing match: Rymor's witnesses denied refusing to sign any requested change orders and blamed all the problems on Tanglewood; Tanglewood's owner, however, said that Rymor had unreasonable scheduling expectations and ignored every single request to confirm a change order in writing, contrary to the parties' contracts.

After Rymor rested, Tanglewood moved for a directed verdict. It argued that, because the change orders were never agreed upon, the parties had no contracts about the trim-out work. Rymor also moved for a directed verdict. Rymor contended that it had proved its case through the documents and testimony and was entitled, as a matter of law, to recover what Rymor had to pay other plumbers to finish these jobs. The circuit court recessed to consider the motions.

After returning to the bench, the circuit court granted Tanglewood's motion. The court said:

> All right. With respect to [Tanglewood's] motion, I'm going to grant it. There's really not an easy way to say this. I simply didn't find the testimony of the plaintiffs credible in this case.

> I think there's an absence of tying the damages that have been alleged to the proof; that just because they wrote checks, that that necessarily means that they're rational and reasonably related.

> But that's not the real problem, [counsel]. I didn't find their testimony credible. I just didn't find it credible. So motion for directed verdict is granted.

> All right. Thank you.

The circuit court eventually entered its judgment, which Tanglewood had written. The judgment recited that "the Court after hearing the evidence adduced by [Rymor] granted [Tanglewood's] Motion for a directed verdict." The day after the court filed its judgment, Rymor moved pursuant to Rule of Civil Procedure 52(b) for findings of fact and conclusions of law. The court obliged and entered findings and conclusions that same day. Rymor filed a timely notice of appeal.

## II.

We begin with a note about terminology. The bench and bar often refer to a "directed verdict" during a non-jury case. This is a misnomer. Because no jury is in the box, no verdict will

be given. The proper motion to challenge the sufficiency of an opponent's evidence in a non-jury case is a motion to dismiss. Ark. R. Civ. P. 50(a).

But there is truth in this common misnomer because the circuit court must use the same legal standard in evaluating a motion to dismiss as it would in evaluating a motion for a directed verdict. The court must decide "whether, if it were a jury trial, the evidence would be sufficient to present to the jury." *Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 264, 61 S.W.3d 835, 838 (2001). If the non-moving party has made a *prima facie* case on its claim or counter-claim, then the issue must be resolved by the finder of fact. *Swink v. Giffin*, 333 Ark. 400, 402, 970 S.W.2d 207, 208 (1998). In evaluating whether the evidence is substantial enough to make a question for the fact-finder, however, the circuit court may not assess the witnesses' credibility. *First United Bank v. Phase II*, 347 Ark. 879, 902, 69 S.W.3d 33, 49 (2002); *Swink*, 333 Ark. at 403, 970 S.W.2d at 209.

Here, the circuit court ruled for Tanglewood because it "simply didn't find the testimony of the plaintiffs credible in this case." This was not an off-hand comment; it was the theme of the circuit court's bench ruling, as well as its later findings of fact and conclusions of law. The court erred. The credibility of Rymor's witnesses was a matter for the court as the finder of fact, not a matter for the court in evaluating whether Rymor made a *prima facie* case on its breach-of-contract claim. *Swink, supra.* Rymor presented substantial evidence of a breach. Therefore, the circuit court should have called on Tanglewood to present any additional evidence in its defense, given Rymor the opportunity to offer rebuttal, and then resolved the disputed issues of fact by deciding the breach issue as the finder of fact.

We can see why the circuit court got ahead of itself. Tanglewood had put on most, and perhaps all, of its defense during Rymor's case. The record contains no indication that Tanglewood had any other witnesses to offer. All the documents were probably in evidence. And a bench trial is often a less formal proceeding than a jury trial. We cannot say, however, that everyone knew all the proof was in and the circuit court was really deciding this case as the fact-finder. The record is absolutely clear that this case was decided at the motion stage. Both parties sought a "directed verdict"; the court granted Tanglewood's motion; and the court's judgment confirmed that it ended the case as a matter of law by

granting Tanglewood's motion. This ruling was error under *First United Bank, Swink,* and a long line of our cases. We make this point not to criticize the able circuit judge, but to emphasize for the bench and bar the important rules governing motions to dismiss in bench trials.

## III.

Rymor's choices on appeal, however, mean that there will be no new trial. Rymor's opening brief does not seek reversal based on the circuit court's premature assessment of the witnesses' credibility. Rymor states one point on appeal: "The ruling of the court is clearly against the preponderance of the evidence." Rymor's seventeen-page argument covers the testimony and documents in detail, contending that the weight of the evidence supports the conclusion that Tanglewood broke the parties' contracts. In a couple of places, Rymor notes that the circuit court rejected its claim because the court did not find Rymor's witnesses credible. At no point in its opening brief, however, does Rymor argue that the circuit court's assessment of the witnesses' credibility at the close of Rymor's case was a reversible error.

Rymor's reply brief tries to fill this gap. There, Rymor argues from *Swink* and like cases, stating that the circuit court erred by dismissing the case based on the credibility of Rymor's witnesses. Even at this point in the briefing, however, Rymor's main point is that the evidence — especially the documents — so favor its claim of breach that it was and is entitled to judgment as a matter of law.

█ Rymor has waived the circuit court's error. An argument made for the first time on reply comes too late. *Coleman v. Regions Bank,* 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005). "A litigant wanting to challenge the core of the [circuit] court's holding must do so in its opening brief and not hold its fire until after the appellee has filed its only brief." *Horn v. Transcon Lines, Inc.,* 7 F.3d 1305, 1308 (7th Cir. 1993).

Fairness, and our adversary system, dictate this principle of appellate procedure. Unless the appellant opens the briefing with all its arguments for reversal, the appellee has no opportunity to respond to those arguments in writing. The appellate court needs the benefit of the arguments on both sides of every issue to make a fully informed decision. Here, for example, we do not know what arguments Tanglewood might make in support of what looks

to us like an erroneous weighing of credibility too early in the case. Perhaps the error we see was harmless. Or perhaps the record contains alternative grounds to support the circuit court's actions. As this case was briefed, however, Tanglewood did not have the opportunity to make any argument on these issues. The appellant deserves and receives the last written word on appeal. But the reply brief is the place for rebuttal, not entirely new arguments for reversal.

## IV.

We are left, then, with Rymor's strongly pressed argument that the circuit court's decision was clearly erroneous or clearly against the preponderance of the evidence. *Pre-Paid Solutions, Inc. v. City of Little Rock*, 343 Ark. 317, 320, 34 S.W.3d 360, 362 (2001). Rymor is mistaken. This record does not entitle it to judgment as a matter of law. Whether Rymor or Tanglewood made the first material breach of their contracts turns on whether one credits the testimony supporting the builder or the plumber. *Jocon, Inc. v. Hoover*, 61 Ark. App. 10, 15-16, 964 S.W.2d 213, 217 (1998). The evidence, documentary and oral, would adequately support a judgment for either party. In this situation, we cannot reverse the circuit court's judgment for Tanglewood. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

Affirmed.

BAKER and MILLER, JJ., agree.