Wade Kevin CROOMS *v.* Keith CAPPS
d/b/a Total Lawn & Garden

CA 07-755 274 S.W.3d 364

Court of Appeals of Arkansas
Opinion delivered February 6, 2008

*Schmidt Law Firm, PLC*, by: *Heath Ramsey*, for appellant.

*Lightle, Raney & Bell, LLP*, by: *A. Watson Bell*, for appellee.

JOSEPHINE LINKER HART, Judge. The circuit court granted the motion to dismiss of appellee, Keith Capps, which appellee made at the close of the evidence offered by appellant, Wade Kevin Crooms, in his suit alleging that appellee damaged his truck. Appellant contends that this was error. Specifically, appellant argues that the court erred in finding that he failed to make a prima facie case of his measure of damages in accordance with Ark. Code Ann. § 27-53-401 (Repl. 1994), which provides in part that "[i]n all cases involving damage to motor vehicles, the measure of damages shall be the difference between the value of the vehicle immediately before the damage occurred and the value after the damage occurred . . . ." He asserts that he made his prima facie case by presenting an estimate of the cost of repairs to the truck. We agree with appellant and reverse and remand.

The proper motion to challenge the sufficiency of an opponent's evidence in a non-jury case is a motion to dismiss. *Rymor Builders, Inc. v. Tanglewood Plumbing Co.*, 100 Ark. App. 141, 265 S.W.3d 151 (2007). The court must decide whether, if it were a jury trial, the evidence would be sufficient to present to the jury, and if the non-moving party has made a prima facie case on its

claim or counter-claim, then the issue must be resolved by the finder of fact. *Id.* In evaluating whether the evidence is substantial enough to make a question for the fact-finder, the circuit court may not assess the witnesses' credibility. *Id.*

In presenting his case to the circuit court, appellant testified that on May 4, 2005, he drove his 1997 S-10 Chevrolet pickup truck to the appellee's place of business to purchase a load of soil. An employee of appellee used a small bucket loader to load the truck, but during loading, a sixty- to seventy-pound clod of wet, hard dirt fell from the bucket and damaged the bed panel of the truck.

Appellant testified that at the time of the damage, he had owned the truck for almost a year; that he had purchased it from the original owner for $6500; and that it was in excellent condition, with very low mileage and no scratches or dents. He further testified that he traded the truck during the summer of 2005 and "took a loss on it when I traded it because of the damage," and as a trade-in, he "got about $2500." He further testified that he would not have objected to repairing, as opposed to replacing, the panel, but that repairing the panel was not what was recommended to him at the time he obtained an estimate of the damage. He testified that Suzette Thomas, who prepared the estimate, recommended that the panel be replaced instead of repaired because the panel was "bowed out."

Suzette Thomas, whose various duties in her employment included writing estimates for automobile repair, testified that on May 11, 2005, she prepared an estimate for replacing and painting the passenger-side bed panel of appellant's truck. The total was $2105.78, which included $1072.30 for parts and material; $868.00 for labor; $9.50 for "sublet repairs"; and $155.98 in tax. An itemized list of the work to be performed was introduced into evidence. Thomas testified that the decision to replace or repair the bed panel was "really a judgment call."

On cross-examination, however, Thomas admitted that she had no independent recollection of making the estimate. She agreed that the only way to know whether the estimate was correct was to actually perform the repairs. She also agreed that she based her estimate on what she saw and what she was told by appellant. Further, she agreed that it was possible that appellant could have asked her to replace the panel. Counsel for appellee then presented her with photographs of the truck, and she concluded that the

damage to the panel could have been repaired, as opposed to replacing the panel. When counsel asked how repairing the panel rather than replacing it would reduce the estimate, Thomas testified that, "[j]ust guessing, approximately the cost of the bed panel, which is $842.00, plus would not need to do the blending; approximately $1,000.00." She further testified that she had no independent recollection of why she indicated that the panel should be replaced, that her business did not perform any repairs to the truck, and that she did not know the value of the truck either before the damage or after the damage.

At the conclusion of appellant's case, appellee moved to dismiss, arguing that appellant failed to make a prima facie showing of damages in accordance with Ark. Code Ann. § 27-53-401, as there was no testimony about the value of the truck immediately before and after the damage. Appellant argued that the estimate established the difference in the value of the truck before and after the damage, and further noted that appellant also testified about the purchase price and the trade-in value of the truck. The circuit court granted appellee's motion to dismiss, and in its written order stated that appellant "failed to present proper evidence of the difference between the value of the vehicle immediately before the occurrence, and the value of the vehicle immediately after the occurrence . . . ." Appellant again argues on appeal that evidence of the cost of repairs was sufficient to establish a prima facie case of his measure of damages.

■ We reverse and remand the circuit court's decision. In *Zhan v. Sherman*, 323 Ark. 172, 913 S.W.2d 776 (1996), the Arkansas Supreme Court stated that, in accordance with Ark. Code Ann. § 27-53-401, the measure of damages to a motor vehicle is the difference between the value of the vehicle immediately before the damage occurred and the value after the damage occurred. However, the court further stated that when proving damages for property that was not a total loss, the difference in fair market value may be established by the reasonable cost of repairing the damaged property.

This proposition was aptly demonstrated in a case predating passage of the statute. In *Slaughter v. Barrett*, 239 Ark. 957, 395 S.W.2d 552 (1965), the trial court directed a verdict for the defendant on the ground that the plaintiff's proof failed to show the difference in the value of his car before and after the collision. There, the plaintiff, who was an automobile mechanic, described the specific replacements and repair work that were necessitated by

the collision, and the repair bill introduced into evidence reflected the labor and materials that went into the job. The Arkansas Supreme Court noted that it had frequently held that the difference in the market value of a vehicle before and after an accident may be established by proof of the amount paid in good faith for repairs made necessary by the collision. The court concluded that the plaintiff's testimony and the repair bill itself were sufficient to justify the trial court in submitting the question of damages to the jury, as the plaintiff's evidence made a prima facie case for the jury. The court noted further that the defendant was at liberty to go forward with rebutting proof if he thought that the cost of the repairs exceeded the difference in market value.

Similarly, in the case before us, appellant's testimony regarding the damage to his truck and Thomas's testimony regarding the cost of repairs, along with the repair estimate, presented a prima facie case of appellant's measure of damages. Appellee counters, asserting that this evidence was too speculative to establish a prima facie case. Appellee notes that Thomas did not remember making the estimate or why she indicated that the panel should be replaced, testified that it was judgment call, stated that she would not know whether the estimate was correct unless the repairs were made, testified that she based her estimate on what she was told by appellant and that he may have asked her to replace the panel, testified that the panel could be repaired rather than replaced, and testified that she did not know the value of the truck and guessed that the damages were approximately $1000 less if the panel was repaired.

We, however, disagree with appellee's assertion. Our cases give the factfinder some latitude in its decision in awarding damages when arriving at a fair-market-value figure and have not required exactness on the proof of damages. *Zhan, supra*. If it is reasonably certain that some loss has occurred, it is enough that the loss be stated only proximately. *Id*. The evidence presented by appellant did that, and accordingly, appellant made a prima facie case of the measure of damages.

Reversed and remanded.

HEFFLEY and MILLER, JJ., agree.