

# ARKANSAS COURT OF APPEALS

## DIVISION III
### No. CV-14-1099

RICHARD J. ORINTAS AND M.
MELANIE ORINTAS
APPELLANTS

V.

POINT LOOKOUT PROPERTY
OWNERS ASSOCIATION BOARD OF
DIRECTORS
APPELLEE

**Opinion Delivered** November 12, 2015

APPEAL FROM THE GARLAND
COUNTY CIRCUIT COURT
[NO. CV-2012-324]

HONORABLE LYNN WILLIAMS,
JUDGE

AFFIRMED

## M. MICHAEL KINARD, Judge

Appellants Richard and Melanie Orintas appeal from the trial court's orders striking their third amended complaint and granting summary judgment to appellee Point Lookout Property Owners Association Board of Directors (the Board). We affirm.

Appellants filed their original complaint on April 19, 2012, an amended complaint on November 5, 2012, and a second amended complaint on February 12, 2013, against the Board and Diane Kesling Silberstein. Appellants asserted causes of action for breach of contract, breach of fiduciary duty, slander, libel, slander of title, and boat damages. Silberstein was subsequently dismissed with prejudice. Both appellants and the Board filed motions for summary judgment. A hearing on the motions was scheduled for August 29, 2014. Three days before the hearing, on August 26, 2014, appellants filed a third amended complaint, amending only the libel and slander claims. After the hearing, the trial court

entered orders granting the Board's motion for summary judgment, denying appellants' motion for summary judgment, and striking the third amended complaint.

For their first point on appeal, appellants contend that the trial court erred in granting summary judgment to the Board. However, other than reciting the standard for summary judgment and the Board's contentions below, appellants' argument consists only of the conclusion that "appellants have provided this circuit court with substantial and material facts in its pleadings, exhibits, and affidavit to support a denial of appellee's motion for summary judgment."

Our supreme court has repeatedly held that it will not consider an argument if the appellant does not make a convincing argument or cite authority to support it. *Koch v. Adams*, 2010 Ark. 131, 361 S.W.3d 817. It is not the duty of this court to research or develop arguments for an appellant on appeal. *Smith v. Heather Manor Care Center, Inc.*, 2012 Ark. App. 584, 424 S.W.3d 368. The failure to develop a point legally or factually is reason enough to affirm the circuit court. *Walters v. Dobbins*, 2010 Ark. 260, 370 S.W.3d 209. Although appellants appeal pro se, they are held to the same standard as appellants represented by counsel. *Robinson v. MidFirst Bank*, 2014 Ark. App. 342. Because appellants have failed to present this court with convincing and developed arguments, we affirm the trial court's grant of summary judgment.

In their reply brief, appellants have developed some arguments and referred to the evidence submitted below. However, an argument made for the first time on reply comes too late. *Rymor Builders, Inc. v. Tanglewood Plumbing Co.*, 100 Ark. App. 141, 265 S.W.3d

151 (2007). Unless the appellant opens the briefing with all its arguments for reversal, the appellee has no opportunity to respond to those arguments in writing. *Id.* It is well established that we will not consider an argument made for the first time in a reply brief. *Abdin v. Abdin*, 94 Ark. App. 12, 223 S.W.3d 60 (2006).

For their second point on appeal, appellants argue that the trial court abused its discretion in striking their third amended complaint. With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Ark. R. Civ. P. 15(a). Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding. *Id.* The circuit court is vested with broad discretion in allowing or denying amendments. *Neal v. Sparks Regional Medical Center*, 2012 Ark. 328, 422 S.W.3d 116. While Rule 15 allows for liberal amendments of pleadings, we adhere to our well-established standard of review that we will not reverse a circuit court's decision allowing or denying amendments to pleadings absent a manifest abuse of discretion. *Id.*

Appellants first complain that the Board did not file a written motion to strike; however, Rule 15 does not require a written motion, and the court recognized the Board's oral motion at the hearing. The Board's motion for summary judgment was filed May 15, 2014, the hearing was scheduled for August 29, 2014, and the amended complaint was filed August 26, 2014. At the hearing, the trial court noted that the hearing date had been set

since July 11, yet appellants had not filed the amended complaint until three days before the hearing and had not filed a motion for continuance or notified the court that they intended to file another amendment. The court found that the late filing of the amended complaint was prejudicial to the Board because it would deny the Board the right to address all claims and causes of action asserted by appellants at the scheduled hearing.

Appellants contend that the Board was not prejudiced by the amendment because it did not put forth a new theory of the case and the Board did not move for a continuance. Appellants claim that the amendment would not have caused undue delay because the case had not been set for trial. In *Stoltz v. Friday*, 325 Ark. 399, 926 S.W.2d 438 (1996), the supreme court held that the striking of the amended complaint was not an abuse of discretion when the amendment was filed nearly one year after the original complaint was filed, the amendment was filed while the defendant's motion for summary judgment was pending, and the trial court's ruling on the motion for summary judgment would also be dispositive of the claims asserted in the amended complaint. Under similar circumstances here, we cannot say that the trial court abused its discretion.

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

*Richard J. Orintas* and *M. Melanie Orintas*, pro se appellants.

*Elliott Law Firm*, by: *Jeffrey C. Elliott*, for appellee.