

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–15–571

| | |
|---|---|
| BERNICE RUTLAND<br>APPELLANT<br><br>V.<br><br>WARREN MCWHORTER AND<br>ANGELA MCWHORTER<br>APPELLEES | **Opinion Delivered** March 9, 2016<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63PR–14–627]<br><br>HONORABLE ROBERT HERZFELD,<br>JUDGE<br><br>REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

This case involves a guardianship petition. The appellant, Bernice Rutland, is the paternal grandmother of S.M. and A.M. She filed a petition for guardianship of both grandchildren. The appellees, Angela and Warren McWhorter, are the parents of the children. The circuit court denied the guardianship petition. Rutland appeals the Saline County Circuit Court order, raising several points on appeal. We find merit to Rutland's contention that the trial court improperly weighed the credibility of the evidence in granting appellees' motion to dismiss and reverse on this point. Because we hold that the trial court improperly weighed credibility in reaching its decision on the appellees' motion to dismiss and reverse on that basis, we need not reach the merits of her other arguments.

SLIP OPINION

### I. *Procedural History*

Rutland initially filed a joint petition to be appointed the guardians of the person and estate, along with her husband, William Rutland.[1] The petition alleged that S.M. and A.M. were incapacitated by reason of their minority, and that the guardianship was necessary to protect the best interest of the children. In essence, Rutland asserted that the parents were consumed with their own marital problems and that the children's needs had become secondary. The petition further alleged that S.M. had been diagnosed with ADHD without a proper evaluation; that the parents had been overmedicating S.M. with ADHD medication in an effort to decrease her activity level and make her more docile and compliant; and that S.M. was suffering adverse side effects from the medication. The McWhorters answered, denying that a guardianship was necessary and further asserting that S.M.'s diagnosis was made after an evaluation by a physician and that the child's demeanor and attitude had improved after being placed on the medication.

A hearing was held on the petition on March 18, 2015. Rutland presented testimonial evidence that Warren, the father of the children, had engaged in extramarital affairs, had received a DWI, and had been terminated from his job. As a result of Warren's behavior, Angela, the mother of the children, was depressed and losing focus on the children. Rutland identified specific occasions where this lack of focus to the children was detrimental, including (1) an incident wherein A.M. chased S.M. with an aerosol spray can; (2) an incident involving

---

[1] William Rutland subsequently moved to amend the petition, withdrawing his request to be appointed coguardian of the children. His motion was granted, and he was dismissed with prejudice. Therefore, he is not a party to this appeal.

A.M. having access to a screwdriver; (3) allegations of inadequate food within the home and the malnourished appearance of S.M.; (4) incidents of leaving the home unlocked at night; and (5) incidents of not always properly placing the children in appropriate car-seat restraints. With regard to S.M. and medication, Rutland took issue with the diagnosis, the treatment, and the need for the medication. She reported not observing behavioral problems with S.M. and opined that the McWhorters were simply medicating the child because they could not handle her childish tendencies.

After Rutland presented her case in chief, the McWhorters moved for a directed verdict, which was granted by the trial court. An order of dismissal was entered the next day. Rutland subsequently filed a Rule 52 request for findings of fact and conclusions of law. The court granted the request and entered findings and conclusions on April 1, 2015.[2]

## II. *Analysis*

Rutland first argues that the trial court erred in granting the motion for a "directed verdict."[3] In ruling on a motion for directed verdict or a motion for dismissal, the standard is the same: the trial court must decide "whether, if it were a jury trial, the evidence would be sufficient to present to the jury." *Woodall v. Chuck Dory Auto Sales, Inc.*, 347 Ark. 260, 264,

---

[2] In their brief, appellees question the finality of this order for appellate purposes, noting that they had filed a statutory counterclaim for attorneys' fees, which remained outstanding. However, under Arkansas Rule of Appellate Procedure–Civil 2(a)(12), all orders in probate cases (save a few exceptions not applicable here) are immediately appealable. Therefore, there is no finality problem.

[3] While the appellees styled their motion as one for directed verdict, because the underlying matter was resolved at a bench trial, we treat the motion as one for dismissal. Ark. R. Civ. P. 50(a) (2012); *Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269.

SLIP OPINION

SLIP OPINION

61 S.W.3d 835, 838 (2001). If the nonmoving party has made a prima facie case on its claim or counterclaim, then the issue must be resolved by the finder of fact. *See Swink v. Giffin*, 333 Ark. 400, 402, 970 S.W.2d 207, 208 (1998). In evaluating whether the evidence is substantial enough to make a question for the fact-finder, however, the circuit court may not assess the witnesses' credibility. *First United Bank v. Phase II*, 347 Ark. 879, 902, 69 S.W.3d 33, 49 (2002); *Swink*, 333 Ark. at 403, 970 S.W.2d at 209.

Here, the circuit court granted the motion because it simply did not find the testimony or evidence of the plaintiff to be credible. In its Findings of Fact and Conclusions of Law, the court stated,

> The directed verdict motion was granted because the Petition failed completely to establish any legitimate need for a guardianship. It was apparent from *the testimony and demeanor of the Petitioner that she was not credible* in the testimony she offered, and further *there was no credible evidence* submitted that a guardianship was desirable to protect the interests of the children. Furthermore, [p]arents have a fundamental constitutional right to raise their own children and to make reasonable medical decisions regarding their children. The Petitioner *failed to offer any credible evidence* of harm, danger, or unmet needs of the children such that abrogating this significant Constitutional right was necessary in any way to protect the best interests of the children. Therefore, the Petitioner failed to meet her burden.

(Emphasis added.) The court erred in doing so at this juncture.

The credibility of the witnesses is a matter for the court acting as a finder of fact at the close of all the evidence, not as a matter for the court in evaluating whether the petitioner had presented a prima facie case for purposes of a motion to dismiss. *See Rymor Builders v. Tanglewood Plumbing Co.,* 100 Ark. App. 141, 265 S.W.3d 151 (2007) (holding trial court erred in weighing credibility of evidence on a motion to dismiss at close of plaintiff's case-in-

chief). Because the trial court improperly evaluated the credibility of the evidence in ruling on the appellees' motion to dismiss, we reverse and remand for further proceedings.

We are mindful of the additional arguments raised by Rutland on appeal.[4] However, we decline to address the remaining issues as they either may not recur or may be readdressed by the trial court on remand. We are reluctant to tie the hands of the trial court on retrial in matters addressed to its discretion. *See Larimore v. State*, 309 Ark. 414, 421, 833 S.W.2d 358, 361 (1992).

Reversed and remanded.

KINARD and HIXSON, JJ., agree.

*James F. Valley Esq. P.A.*, by: *James F. Valley*, for appellant.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster* and *Lori D. Howard*, for appellees.

---

[4] She argues that the court utilized the wrong standard in assessing the validity of the petition, committed a discovery violation by erroneously granting a protective order and by displaying bias and hostility toward her claims.