

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–16–329

| | | |
|---|---|---|
| JAMES BYNUM | | Opinion Delivered: JANUARY 25, 2017 |
| | APPELLANT | APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT [NO. 64CR-14-104] |
| V. | | |
| | | HONORABLE JERRY D. RAMEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED AND DISMISSED IN PART; AFFIRMED IN PART |

## KENNETH S. HIXSON, Judge

Appellant James Bynum appeals after he was convicted by a Scott County jury of ten counts of sexual assault in the fourth degree and two counts of sexual assault in the second degree. He was sentenced to serve a total of 1200 months in the Arkansas Department of Correction. On appeal, appellant contends (1) that the ten counts of sexual assault in the fourth degree should be reversed and dismissed as time-barred by the statute of limitations and (2) that the trial court erred in denying appellant's motion for directed verdict on counts one through ten, count eleven, and count thirteen.[1] We reverse and dismiss in part and affirm in part.

---

[1]We acknowledge that appellant presents additional arguments in his reply brief, including his contention that he was irreparably prejudiced by the testimony relating to the ten counts of sexual assault in the fourth degree. However, an argument made for the first time on reply comes too late. *Rymor Builders, Inc. v. Tanglewood Plumbing Co., Inc.*, 100 Ark. App. 141, 265 S.W.3d 151 (2007). Unless an appellant opens the briefing with all of his or her arguments for reversal, the appellee has no opportunity to respond to those

There were three minor victims of appellant's sexual assaults, A.H., T.H., and C.P. A.H. testified that he was friends with one of appellant's sons, who is his age. A.H. stated that appellant had repeatedly sexually abused him between twenty and fifty times since he was the age of fourteen. Appellant was charged with ten counts of sexual assault in the fourth degree of A.H, Counts 1–10.

T.H. testified that he was thirteen at the time of trial. He testified that he had been friends with another one of appellant's sons and that he had been living with appellant's family during the summer of 2013 for approximately four weeks. T.H. testified that during that time, appellant touched his "private parts" on two occasions—once in a hotel room during a vacation trip with appellant's family to Hot Springs and another at appellant's home on a recliner after he had fallen asleep on the recliner with appellant. Appellant was charged with one count of sexual assault in the second degree, Count 11.

C.P. testified that he was twenty-four years of age at the time of the trial and that he was friends with one of appellant's sons. C.P. met appellant after he had begun playing basketball at the Boys and Girls Club when he was ten years old. C.P. also played basketball on appellant's team from age eleven through fourteen. During that time, C.P. would join appellant and other children on hunting trips, to gun shows, and to the zoo. C.P. testified that he woke up in the middle of the night at appellant's home to appellant touching him in his shorts and putting his hand on his "privates." C.P. testified that a second incident

---

arguments in writing. *Id.* A reply brief is the place for rebuttal, not entirely new arguments for reversal, and it is well established that we will not consider an argument made for the first time in a reply brief. *Id*; *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003); *Orintas v. Point Lookout Prop. Owners Ass'n Bd. of Dirs.*, 2015 Ark. App. 648, 476 S.W.3d 174.

took place in a hotel room in Tulsa, Oklahoma, after having traveled for a gun show. He testified that he woke up on that occasion to appellant trying to perform oral sex on him. Appellant was charged with one count of sexual assault in the second degree, Count 13.

Detectives Horatio Gonzalez and Alicia Gordon had been investigating the allegations made against appellant for over two years. Detective Gonzalez testified that he had interviewed many individuals during the course of the investigation. Officer Gary Klepper, a school-resource officer, testified that he knew appellant and was his friend. Officer Klepper explained that he had been involved in the investigation involving C.P. and that C.P. had told him that appellant made sexual advances on two separate occasions.

Although appellant did not testify, he had numerous character witnesses testify on his behalf, including his wife, sons, and friends. After hearing all of the evidence presented at trial, the jury found appellant guilty of Counts 1–10 regarding A.H., Count 11 regarding T.H., and Count 13 regarding C.P. Appellant was sentenced to serve 72 months' imprisonment for each count of sexual assault in the fourth degree and 240 months' imprisonment for each count of sexual assault in the second degree, all to be served consecutively, for a total of 1200 months' imprisonment. This appeal followed.

## I. *Counts 1–10, Sexual Assault in the Fourth Degree*

Appellant first alleges that the ten counts of sexual assault in the fourth degree against A.H. should be reversed and dismissed as time-barred by the statute of limitations. The ten counts of sexual assault in the fourth degree were solely in relation to allegations made by A.H. A.H.'s date of birth is in May 1989, and the statute of limitations for the prosecution of sexual assault in the fourth degree relevant at the time for these charges as set out in

Arkansas Code Annotated sections 5-1-109(b)(2) and (h) (Supp. 2009) required prosecution within three years of his eighteenth birthday. *See* Ark. Code Ann. § 5-1-109(h)(12). Consequently, the State was required to prosecute appellant by May 26, 2010; however, charges were not filed until September 23, 2015. Clearly, the charges were filed over five years after the statute of limitations had expired. Although appellant failed to make a statute-of-limitations challenge before the trial court, the issue may be considered for the first time on appeal because it implicates a court's jurisdiction to hear the case and cannot be waived. *See Dowdy v. State*, 2015 Ark. 35; *Leek v. State*, 2012 Ark. App. 699. Because the State did not file charges for sexual abuse in the fourth degree in a timely manner, we must reverse and dismiss appellant's convictions for Counts 1–10.

I. *Counts 11 and 13, Sexual Assault in the Second Degree*

Appellant argues that the trial court erred in denying appellant's motion for directed verdict on Count 11 and Count 13.[2] A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Davis v. State*, 2009 Ark. App. 753. In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Thompson v. State*, 2015 Ark. App. 275, 461 S.W.3d 368. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*. The credibility of witnesses is an issue for the jury and not the court. *Id*.

---

[2]Because we reverse and dismiss Counts 1–10 for other reasons, it is unnecessary to address appellant's sufficiency arguments as they relate to Counts 1–10.

The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

A person commits the offense of second-degree sexual assault if he, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3) (Repl. 2013).[3] "Sexual contact" is defined as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(10).

At trial, appellant timely made a directed-verdict motion at the close of the State's case regarding Count 11 as it pertained to the sexual assault of T.H. and Count 13 as it pertained to the sexual assault of C.P. Appellant properly renewed both motions at the close of all evidence. The trial court denied the motions.

On appeal, appellant first argues that the testimony showed that the trial court lacked jurisdiction and venue pursuant to Arkansas Code Annotated section 5-1-111. The Supreme Court discussed the difference in venue and jurisdiction in *Davis v. Reed*, 316 Ark. 575, 577−78, 873 S.W.2d 524, 525 (1994):

> To begin with venue and jurisdiction, though sometimes used interchangeably, are two distinct legal concepts. Venue is the geographic area, like a county, where an action is brought to trial. *Black's Law Dictionary* 1557 (6th ed.1990). Jurisdiction is the power of a court to decide cases and presupposes control over the subject matter

---

[3]The amended information filed by the State alleged that the sexual assault of C.P. took place on or about January 1, 2003, through February 11, 2014. The 2002 version of Arkansas Code Annotated section 5-14-125(a)(3) in effect for the beginning of the relevant period stated, "Being eighteen (18) years of age or older, engages in sexual contact *with the sex organs of another person*, not the person's spouse, who is less than fourteen (14) years of age." (Emphasis added). Based on C.P.'s testimony that appellant had his hands on his "genitals," substantial evidence supports the jury's verdict under either version of the statute.

and parties. *Black's Law Dictionary* (6th ed.1990). This court has stated that venue may be waived in a criminal case within the territorial boundaries of the judicial district. . . . Since Davis entered his plea in Jefferson County, a contemporaneous objection was required to raise the issue of improper venue and preserve it for appeal. . . . Any venue argument which Davis might have had was waived, and his objection cannot be raised for the first time on appeal.

Similarly, here, appellant did not object to venue, nor did he include lack of venue in his motions for directed verdict. Therefore, appellant waived his objection to venue as to Count 11 and Count 13, and the issue of venue is not preserved on appeal.

That leaves us with the issue of whether the Circuit Court of Scott County had jurisdiction of Count 11 and Count 13. Jurisdiction is one of the four elements that must be proved beyond a reasonable doubt to convict someone of an offense. *See* Ark. Code Ann. § 5-1-111(a); *King v. State*, 361 Ark. 402, 206 S.W.3d 883 (2005). However, the State is not required to prove jurisdiction unless evidence is admitted that affirmatively shows that the court lacks jurisdiction. Ark. Code Ann. § 5-1-111(b). Our supreme court has further explained that before the State is called on to offer any evidence on the question of jurisdiction, there must be positive evidence that the offense occurred outside the jurisdiction of the court. *DeWitt v. State*, 306 Ark. 559, 815 S.W.2d 942 (1991).

Regarding the jurisdiction of Count 11, T.H. testified that one incident happened while he was in Hot Springs, Arkansas, and that the second incident occurred in appellant's home. Regarding Count 13, C.P. testified that one incident happened at appellant's home and that the second incident occurred in a hotel in Tulsa, Oklahoma. Therefore, there was evidence introduced by the victims that one sexual assault of T.H. and one sexual assault of C.P. had occurred in appellant's home.

Janet Bynum, appellant's wife, testified at trial. Mrs. Bynum testified that she and appellant were married in 1991, that they had been married for twenty-five years, and that appellant was currently fifty-four years of age. Appellant would have been approximately twenty-nine years of age at the time of the marriage. Appellant's family resided in Waldron, and in 1994, appellant and Mrs. Bynum "took over" the residence. Mrs. Bynum described a diagram showing that their residence was located on 2nd Street. Mrs. Bynum further testified that this was the house in which they resided when the sexual assaults that were alleged had occurred.

We hold that there was not positive evidence that the crime occurred outside the jurisdiction of the trial court. While separate and distinct criminal conduct may have occurred in Hot Springs and Tulsa, that does not mean that affirmative proof was established that the trial court lacked jurisdiction over appellant's convictions for sexual assaults that occurred in his home. *See DeWitt*, *supra*. Here, no evidence was presented to suggest that appellant's home was located anywhere but in Scott County. Thus, the State was not required to prove jurisdiction. *See* Ark. Code Ann. § 5-1-111(b).

Appellant further argues that there was no testimony to show that he had been eighteen years old or older at the time of the offenses or that either of the victims were not his spouse. These arguments, however, are without merit. The victims testified that they were friends with appellant's children, who were similar in age to their respective ages. Detective Gonzalez testified that he knew appellant because appellant had owned a pawnshop. Additionally, Officer Klepper testified that he was friends with appellant and that he had known him for a long time. He explained that he used to shoe appellant's horses

and even traded guns with him. Additionally, Mrs. Bynum testified that she and appellant had been married since 1991 and that appellant was currently fifty-four years of age. The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Bridges v. State*, 46 Ark. App. 198, 878 S.W.2d 781 (1994). It is well settled that the credibility of witnesses is an issue for the jury and not this court. *Neal v. State*, 2016 Ark. App. 384, 499 S.W.3d 254. Furthermore, the jury is not required to set aside common sense and need not view each fact in isolation, but it may instead consider the evidence as a whole. *Id.* As such, the jury was free to use common sense to conclude that appellant had been eighteen years old or older at the time of the offenses. The same is true for appellant's argument that the minor children were not his spouses.

Finally, appellant argues that it is unclear from C.P.'s testimony as to where appellant had touched him, i.e., "the sex organs, buttocks, or anus of a person or the breast of a female." Ark. Code Ann. § 5-14-101(10). This argument also lacks merit. C.P. testified that he woke up in the middle of the night at appellant's home to appellant touching him in his shorts and putting his hand on his "privates." Upon further questioning, C.P. stated that appellant's hands were on his "genitals." Thus, appellant's argument fails on this point.

In conclusion, there was substantial evidence to support appellant's convictions for Counts 11 and 13.

Reversed and dismissed in part; affirmed in part.

VIRDEN and VAUGHT, JJ., agree.

*The James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.