Cite as 2022 Ark. App. 369

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-768

| | |
|---|---|
| JERRY ANN WINTERS<br>APPELLANT<br><br>V.<br><br><br>DIAMANTE MEMBERS CLUB, INC.;<br>AND DIAMANTE, A PRIVATE<br>MEMBERSHIP GOLF CLUB, LLC<br>APPELLEES | Opinion Delivered September 28, 2022<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63CV-16-797]<br><br>HONORABLE GRISHAM PHILLIPS,<br>JUDGE<br><br>AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

This is a companion case to *Faigin v. Diamante, a Private Membership Golf Club, LLC*, 2022 Ark. App. 361, also handed down today. The background facts and procedural history are set out in that opinion. Only facts specific to appellant will be detailed below. Appellant, Jerry Ann Winters, is the owner of a lot within the Diamante subdivision located in Hot Springs Village, Arkansas. Appellees, Diamante, A Private Membership Golf Club, LLC ("Old Club"); and Diamante Members Club, Inc. ("New Club"), respectively, are the former and current owners of a private golf club associated with the developed subdivision.

In this appeal, appellant argues the same points on appeal as the appellants in *Faigin.* As detailed in *Faigin*, res judicata precludes appellant's claims; thus, we affirm the circuit court's application of the doctrine and grant of summary judgment to New Club.

I. *Background Facts*

Jerry Leo Winters and appellant, Jerry Ann Winters (collectively "the Winters"), purchased a lot in the Diamante subdivision on October 11, 1994. In or around 2007, the Winters ceased making monthly club payments, and on January 19, 2007, Old Club filed a lien on the property for unpaid monthly dues. On September 23, 2016, Old Club filed a complaint in foreclosure against the Winters. Appellant filed an answer alleging that Old Club's claim for unpaid dues was barred by the statute of limitations, and attached an affidavit wherein she alleged that she and Mr. Winters had bought the lot together; however, they were divorced in 1997, and her ex-husband died on March 2, 2015.

New Club filed a motion to substitute itself as plaintiff and, subsequently, a motion for summary judgment against the Winters on December 3, 2018. Appellant filed an amended answer, and New Club responded by filing a motion to strike arguing that the amendment asserted new allegations against both Old Club and New Club that were not properly pled. Finally, appellant filed a cross-motion for summary judgment alleging "unique facts and circumstances" and requested a prompt hearing. After a hearing, the circuit court entered its final judgment granting New Club's summary-judgment motion on the basis of res judicata. Furthermore, the court granted New Club's motion for attorney's fees and costs, and appellant filed timely notices of appeal.

On April 27, 2020, appellant filed a motion in this court to substitute her brief wherein she argued that the initial brief failed to fully address the defenses unique to her case and, therefore, required substitution. New Club objected, and we denied appellant's

motion to substitute her brief on May 20, 2020. Subsequently, appellant filed a reply brief raising facts and arguments that were not raised initially. New Club responded with a motion to strike arguing that appellant's reply is merely an attempt to circumvent this court's order denying appellant's motion to substitute brief. On July 15, 2020, we entered an order passing on the motion until case submission.

## II. *Discussion*

New Club's motion to strike appellant's reply brief is granted because an argument made for the first time on reply comes too late. *Orintas v. Point Lookout Prop. Owners Assn. Bd. of Dirs.*, 2015 Ark. App. 648, at 2–3, 476 S.W.3d 174, 176. Unless an appellant opens the briefing with all its arguments for reversal, the appellee has no opportunity to respond to those arguments in writing. *Id.* at 3, 476 S.W.3d at 176. Because appellant raises new arguments in her reply brief, New Club's motion to strike those arguments is granted.

The circuit court concluded that appellant was attempting to relitigate claims that had previously been decided or could have been decided in *Dye v. Diamante, a Private Membership Golf Club, LLC*, 2017 Ark. 42, 510 S.W.3d 759, and applied the doctrine of res judicata. Appellant argues on appeal that she was not a party in *Dye*; however, we find no merit to this argument. To the contrary, in her motion for summary judgment, appellant argued that she was an unnamed party in the *Dye* class action. Accordingly, for the reasons set forth in *Faigin* and incorporated herein by reference, we hold that the circuit court properly applied res judicata in granting summary judgment to New Club.

## III. *Conclusion*

As in *Faigin*, we find that all the requirements of claim preclusion are met; accordingly, the circuit court's order granting summary judgment to New Club is affirmed. Having concluded that res judicata bars relitigation of appellant's claims, we need not consider the other points on appeal.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

*Robert S. Tschiemer*, for appellants.

*Schnipper, Britton & Stobaugh*, by: *Beau Britton*, for separate appellee Diamante Membership Club, Inc.