Cite as 2014 Ark. App. 617

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-479

| | |
|---|---|
| JOYCE RENEE LIVERMORE<br>APPELLANT<br><br>V.<br><br>MADISON COUNTY JUDGE; AAC<br>RISK MANAGEMENT SERVICES<br>APPELLEES | **Opinion Delivered** November 5, 2014<br><br>APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G105585]<br><br>AFFIRMED |

**DAVID M. GLOVER, Judge**

Joyce Renee Livermore appeals from the Commission's decision that barred her claim for workers' compensation benefits based upon the statute of limitations. She contends that the Commission's finding that she failed to prove by a preponderance of the evidence that her claim for compensation was filed within the statute of limitations under Arkansas Code Annotated section 11-9-702 is not supported by substantial evidence. We disagree and affirm.

*Background*

Livermore was employed with the Madison County Sheriff's Department as a secretary/jail administrator, and in 2008 she worked in the basement of the county courthouse when it was flooded by rainfall. The flooding resulted in a mold problem that had to be remediated. The employees working in the basement were moved to another space during the remediation, which included mold removal, testing to confirm mold removal, redoing the floors, painting the area with a "mold-barrier" paint, lowering the ceilings, installing a heating

SLIP OPINION

and air-conditioning system to reduce the amount of condensation, and conducting final testing after remediation completion to confirm normal levels of mold. The January 2009 letter report from the certified inspection company reported that the total airborne mold-spore count at each sampled location inside was lower in comparison to the outside sample, and it made special note that the outside levels were extremely low at that time of year. The report's conclusion was that the airborne fungal-spore levels were acceptable at each sampled location.

The employees were then returned to the basement. Livermore agreed that the space had been cleaned up and that the mold appeared to be gone at that time. However, she also testified that she noticed mold growing on the walls from the time they moved back in until they left again in June 2011. Laurie McConnell, Madison County emergency-management coordinator, testified that the space flooded again in April 2011 but that subsequent testing on May 24, 2011, by the firm that conducted the initial testing, reported acceptable mold levels. The firm's report also noted that "effervescence" was present on the basement walls, that it was often mistaken for fungal growth, that it was not, and that it was generally not considered to be a health issue.

As rebuttal evidence, Livermore presented testimony from Robert Boyd, Chief Deputy of the Madison County Sheriff's Office. Boyd testified that he saw the mold and effervescence on the wall prior to the remediation, and that, after the remediation, what he saw was very similar. He said that he voiced his concerns about continued mold and its health effects on employees who were working in the basement to the sheriff, Ms. McConnell, and

2

other officials, and that he requested additional testing. He acknowledged that he was not aware of any testing that was done in January 2009 before they moved back into the workspace, but that he did know of testing before remediation and then again just prior to moving out in May or June 2011. He testified that he did some personal testing. He explained that in July 2009, he bought some petri dishes from Home Depot and conducted three different tests. He said that they are called settling tests and that they showed concentrations of mold. He said that he then sent the petri dishes to a company called Pro Laboratories, Inc., and that the results showed high amounts of certain types of fungal mold and that it was a big concern to him, especially because they were just moving back into the space and he had been in the hospital earlier in January.

Boyd acknowledged that he was not an expert in collecting samples, but said that he followed the package directions. He also acknowledged that he had a pending workers' compensation claim for exposure.

*Standard of Review*

In reviewing Commission decisions, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Id.* Where the Commission denies a claim because of the claimant's failure to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays

3

SLIP OPINION

a substantial basis for the denial of relief. *Id.* We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Loar v. Cooper Tire & Rubber Co.*, 2014 Ark. App. 240.

*Discussion*

The Commission affirmed and adopted the ALJ's findings, which included the findings that Livermore's "last injurious exposure to mold at her place of employment with the respondent was no later than September 30, 2008," and that Livermore "did not file a claim with the Commission until at least May 25, 2011," which was beyond the two-year limitation period of section 11-9-702(2)(A).

Arkansas Code Annotated section 11-9-702(a)(2)(A) provides:

> (2)(A) A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection.

The ALJ offered the following discussion in deciding that Livermore's claim was barred by the applicable statute of limitations:

> It is the claimant's position, in this matter, that she was exposed to black mold and its [e]ffects caused a compensable occupational disease. The claimant has introduced various medical records that she believes to support her case. I note that many of the medical records do discuss mold and the claimant is able to show respiratory difficulties; however, the respondents in this matter have raised the statute of limitations.
>
> . . . .
>
> There is no dispute that mold was present in the claimant's work area on

4

August 16, 2008. That mold is shown to be present through the letter report of A–Z Inspections that was performed by Mr. Tom Bramlett. A remediation occurred after that inspection and then additional testing was done in January 2009. At that time, mold was found at acceptable levels. After that finding, the claimant and other personnel were moved back into the courthouse basement; however, in April 2011 another flood occurred and testing was again done in May 2011 which again revealed mold to be present but at acceptable levels. It also noted, in Mr. Bramlett's observation, the presence of effervescence which looks like mold but is not and is instead mineral deposit.

I give Mr. Boyd's testing very little weight as he is not qualified to perform such testing and he did not test for specific levels of mold against an outside sample as was performed by Mr. Bramlett in his testing for A–Z.

It is the claimant's burden to prove the presence of mold from which she alleges the [e]ffects to have caused her to suffer a compensable occupational disease. The only time the claimant can prove mold to be present in the courthouse basement was in August 2008 after the initial flooding. The claimant was exposed from August 2008 until sometime in September 2008 when all the employees were removed from the building. Therefore, as of October 2008, the claimant's exposure to mold must have ended. Under Ark. Code Ann. § 11-9-702(2)(A) the claimant would have then had until October 2010 to file a claim as that would have been two years from the last time the claimant can prove "injurious exposure." The claimant in this matter did not file an employee's notice of injury with the Commission until at least May 25, 2011. As May 25, 2011, is more than two years from October 1, 2008, the claimant's claim for benefits due to an occupational disease or occupational infection is barred by the statute of limitations.

In her reply brief, Livermore counters that her last injurious exposure was June 2011 because the testing did not show that there was no mold in the basement, just that it was at acceptable levels. She also relies upon Boyd's testing in July 2009. The problem with her position is that the statute is worded in terms of "injurious exposure." Acceptable levels of mold would not be comparable to "injurious exposure." Moreover, the ALJ explained why he gave no real weight to Boyd's testing. We have concluded that fair-minded persons with the same facts before them could have reached the conclusions reached by the Commission.

SLIP OPINION



We therefore affirm.

Affirmed.

VAUGHT and WOOD, JJ., agree.

*Taylor Law Partners, LLP*, by: *Timothy J. Myers*, for appellant.

*Michael E. Ryburn*, for appellees.