

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-15-751

RENITA JOHNSON FENNELL and
EARL EDWARD BURNLEY

APPELLANTS

V.

CITY OF PINE BLUFF, ET AL.

APPELLEES

**Opinion Delivered** May 18, 2016

APPEAL FROM THE JEFFERSON
COUNTY CIRCUIT COURT
[NO. CV 2011-438-2]

HONORABLE ROBERT H. WYATT,
JR., JUDGE

AFFIRMED IN PART; REVERSED
AND REMANDED IN PART

## CLIFF HOOFMAN, Judge

Appellants Renita Johnson Fennell and Earl Edward Burnley appeal after the Jefferson County Circuit Court granted summary judgment and dismissed appellants' fourth amended complaint with prejudice in favor of appellees City of Pine Bluff (City) and Larry Reynolds, in his individual and official capacity. This court previously dismissed a prior appeal for lack of a final order. *See Fennell v. City of Pine Bluff*, 2015 Ark. App. 216. Having found that appellants have cured any deficiencies, we may now address the merits of this appeal. Appellants contend that (1) the circuit court erred when it failed to provide a basis for its decision as required; (2) the circuit court erred by applying federal summary-judgment standards; (3) the circuit court erred in dismissing the whistle-blower claims based on either the lack of an adverse act, retaliatory intent, and/or an affirmative defense that the city would have taken action against Fennell and Burnley regardless of their protected activity; (4) the circuit court erred in dismissing appellants' Arkansas Civil Rights Act (ACRA) free-speech

claims on the grounds that there was no protected speech, adverse action, retaliatory intent or the same-decision defense, and/or qualified immunity; (5) the circuit court erred in dismissing appellants' overtime claims based on the statute of limitations when they clearly alleged a denial of overtime as recently as 2012, suit was filed in 2011, the Arkansas Minimum Wage Act (AMWA) has a three-year statute of limitations, and appellees have the burden of proving that appellants did not work when appellees failed to keep accurate records; and (6) the circuit court erred in dismissing Burnley's battery claim where Burnley testified that Reynolds came up to him immediately after he had reported Reynolds, challenged Burnley to fight, threatened him, and repeatedly bumped Burnley's chest without consent. We affirm in part and reverse and remand in part.

Fennell initially filed a complaint against the City of Pine Bluff on July 11, 2011. After subsequent amended complaints, Fennell and Burnley filed a fourth amended complaint against the City of Pine Bluff, Reynolds, and Kenneth Blackwell, in his individual and official capacities,[1] on August 27, 2013. Appellees filed an answer to the fourth amended complaint on September 16, 2013, and a motion for summary judgment on December 16, 2013, arguing that the fourth amended complaint should be dismissed. Appellants subsequently filed a response to the motion for summary judgment on January 28, 2014, and appellees filed a reply on February 13, 2014.[2]

---

[1] Blackwell was dismissed as an unserved defendant and is not a party to this appeal.

[2] Appellants' fourth amended complaint and appellees' motion for summary judgment addressed numerous claims that are not at issue in this appeal. Additionally, appellants expressly abandoned several claims and arguments in their reply brief, including "(1) the hate

Several exhibits were submitted to the circuit court, including deposition excerpts, copies of payroll records, copies of time cards, memorandums, and affidavits. Based on the facts contained in the exhibits, appellees alleged that they were entitled to summary judgment because the relevant facts were undisputed. Fennell began working for the City of Pine Bluff in 1999 driving buses, doing customer service, and servicing buses. Burnley was hired in 2006 and would fuel buses, check fluids, and assist the mechanic. During their employment, they were supervised by the operations manager; Revawn Johnson, Quintavious Brown, and Kenneth Blackwell served in that order as operations manager. The operations manager reported to the transit director. Reynolds served as the transit director from 1999 to 2013 and was replaced by Charlina Lacy in July 2013.

In Fennell's deposition testimony and affidavit, she testified that she had observed Reynolds stealing gasoline and that she had made a report to Ted David, the mayor's assistant. However, she was unable to recall when she made this report or even the year in which she made the report. Despite the fact that she could not recall when she reported the gasoline theft, she alleged that she was denied the opportunity to work overtime hours driving a bus as a result of her report. Additionally, she stated that she was denied a promotion because Brown had told her that he would promote her to his position if Reynolds was fired and he was promoted to serve as transit director. However, Brown subsequently resigned from his

---

crimes claim; (2) the issue of willfulness so that a three year statute of limitations could be applied on the FLSA claims; [and] (3) the issue of official capacity liability on the free speech retaliation claims." Instead, appellants specifically stated that only their "(1) AMWA claims; (2) battery claims; (3) whistle-blower claims; [and] (4) ACRA claims for retaliation" should be set for trial. As such, this opinion is limited to discussing these claims and issues.

position, and Blackwell was hired to replace him. At some point, Fennell and Burnley were accused of stealing money. However, neither employee was disciplined because Reynolds determined that the allegations were false. Fennell further complained that Blackwell would yell at her to "get to work," that she was suspended for insubordination in July 2013 by Blackwell, and that she was terminated in August 2013.

Burnley testified that he was not paid for all of his work, that he had reported to Johnson in 2008 that Reynolds had stolen gasoline, that Reynolds had bumped his chest during an argument regarding not receiving all of his pay, that he was falsely accused of theft but was not disciplined after Reynolds had determined that the allegations were false, and that he generally was subjected to a "hostile work environment." However, Burnley testified that this hostile environment started in 2007.

Reynolds denied the allegations made against him. Furthermore, Lacy testified that Fennell was suspended for insubordination after Fennell had a meeting with her and Blackwell. During that meeting, she stated that Fennell "lashed out" at Blackwell and behaved in a manner that she believed was insubordinate. Additionally, she testified that Fennell's termination was the result of budget cuts in 2013. Lacy was told in an email that there were two budget cuts in 2013. Mayor Debbie Hollingsworth confirmed that she had required and approved the budget reduction.

A disciplinary-action form documenting the incident that resulted in Fennell's suspension was submitted as an exhibit. The form documented that Fennell had violated Pine Bluff Transit's policy when she called a coworker to work in her place instead of calling her

SLIP OPINION

supervisor and that she was insubordinate to Blackwell in a meeting in the director's office regarding this violation. Additionally, a letter dated August 12, 2013, and signed by Lacy, stated that Fennell's position had been "written out of the Pine Bluff Transit Budget."

After a hearing on the motion for summary judgment on May 2, 2014, the circuit court filed the following order on June 9, 2014:

> The Court has considered the Defendants' Motion for Summary Judgment that was filed after the Plaintiffs' Fourth Amended Complaint. The Court has considered the Response filed by Plaintiffs; and, Reply filed thereto by the Defendants, and finds that the Motion for Summary Judgment shall be granted in its entirety. Because the Motion for Summary Judgment is granted, the Plaintiffs' Fourth Amended Complaint is dismissed with prejudice.

After the circuit court subsequently denied appellants' motion to vacate and motion to alter or amend, this appeal followed.

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

In appellants' first point on appeal, they argue that the circuit court erred when it failed

to provide a basis for its decision as required. Specifically, they argue that the circuit court was required to make specific findings in its order granting summary judgment, citing *Brodie v. City of Jonesboro* and *Johnson v. Windstream Communications, Inc.*, as authority. *See Brodie v. City of Jonesboro*, 2012 Ark. 5; *Johnson v. Windstream Commc'ns, Inc.*, 2012 Ark. App. 590 (*Johnson I*).

Appellees correctly note that as a general rule, circuit courts are not required to make specific findings when granting motions for summary judgment. *See Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49; Ark. R. Civ. P. 52(a) (2015). However, our supreme court has established a pertinent exception to this general rule in cases involving ACRA claims. *See Brodie, supra.* Therefore, although the circuit court did not err in not making specific findings in granting summary judgment regarding all claims alleged by appellants, we find that the circuit court did err in part by failing to make specific findings as our supreme court has now required under *Brodie*.

Appellants alleged in their fourth amended complaint employment-related retaliation claims pursuant to Arkansas Code Annotated section 16-123-108 (Supp. 2011) of ACRA.[3] This court has applied the three-stage, burden-shifting standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) in analyzing these types of claims. *Eusanio v. Tippin*, 2013 Ark. App. 38, 425 S.W.3d 838. As our supreme court explained in *Brodie*, 2012 Ark. 5, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Id.*

---

[3] Although appellants had also alleged in their fourth amended complaint claims pursuant to Arkansas Code Annotated section 16-123-106 (Supp. 2011) of ACRA, appellants expressly abandoned these claims in their reply brief.

SLIP OPINION

Once a prima facie case is established, a rebuttable presumption shifts the burden to the defendant to articulate a legitimate, nondiscriminatory reason for his or her action. *Eusanio, supra*. If the defendant articulates such a reason, the presumption disappears, and the plaintiff bears the burden of proving that the defendant's proffered reason is merely a pretext for discrimination. *Brodie, supra*.

Our supreme court has additionally made it clear that, even in summary-judgment cases, the circuit court must evaluate these types of claims using the *McDonnell Douglas* framework and that it must explain its findings. *See Brodie, supra*. As in *Brodie* and *Johnson I*, we cannot conclude that the circuit court properly evaluated this case under *McDonnell Douglas*. There is no mention in the circuit court's order about a prima facie case of discrimination, a legitimate, nondiscriminatory reason for appellees' actions, or pretext for discrimination. *See Brodie, supra; Alexander v. E. Tank Servs., Inc.*, 2016 Ark. App. 185, ___ S.W.3d ___; *Johnson I, supra; Johnson v. Windstream Commc'ns, Inc.*, 2014 Ark. App. 99 (*Johnson II*). Accordingly, we must reverse and remand this case in part to the circuit court to explain its ruling on each remaining ACRA claim. *Johnson I, supra*. As we further explained in *Johnson II*, the circuit court must use the *McDonnell Douglas* framework in reviewing appellees' motion for summary judgment regarding appellants' remaining ACRA claims and include its analysis in its summary-judgment order. Implicit in these directions is the possibility that the circuit court might determine after its analysis that the claims are not appropriate for summary judgment. *See Johnson II, supra*.

In appellants' second point on appeal, they argue that the circuit court erred by

applying federal summary-judgment standards. This argument is without merit. As appellants indicated in their first point on appeal, the circuit court made no specific findings in its order granting summary judgment, and there is no indication in the record that the circuit court applied improper summary-judgment standards.

In appellants' third point on appeal, they argue that the circuit court erred in dismissing the claims alleged under the Arkansas Whistle-Blower Act (AWBA), Arkansas Code Annotated sections 21-1-601 to -609 (Repl. 2004 & Supp. 2013). Under the AWBA, a public employee who reports violations of law or waste of public funds to the appropriate authorities is afforded protection under the Act. *See* Ark. Code Ann. § 21-1-602(8). A public employer is prohibited from taking adverse action against a public employee for a communication that falls within the protection of this subchapter. *See* Ark. Code Ann. § 21-1-603(a)(1). Pursuant to section 21-1-602(1), an "adverse action" means to discharge, threaten, or otherwise discriminate or retaliate against a public employee in any manner that affects the employee's employment, including compensation. A whistle-blower who is punished by a public employer may seek actual damages and injunctive relief. *See* Ark. Code Ann. § 21-1-604(a). However, "[a] public employer shall have an affirmative defense to a civil action brought by a public employee under this subchapter if the adverse action taken against a public employee was due to employee misconduct [or] poor job performance . . . unrelated to a communication made pursuant to § 21-1-603." *See* Ark. Code Ann. § 21-1-604(e)(1). In order for appellants to prevail on their claims under the AWBA, they were required to establish, by a preponderance of the evidence, that they suffered an adverse action

8

because they engaged or intended to engage in an activity protected under the AWBA and that such action was unrelated to their own misconduct or poor job performance. *Barrows v. City of Fort Smith*, 2010 Ark. 73, 360 S.W.3d 117; *Hollis v. Fayetteville Sch. Dist. No. 1 of Washington Cty.*, 2015 Ark. App. 544, 473 S.W.3d 45. The burden was on appellees to establish their affirmative defense of employee misconduct unrelated to the communications by a preponderance of the evidence. Ark. Code Ann. § 21-1-604(e)(2).

On appeal, appellants allege that the circuit court erred in dismissing Fennell's and Burnley's whistle-blower claims because

> Burnley and Fennell have both given sworn testimony that their working hours were cut, reducing their pay. In Burnley's case, he was not paid for time worked, and overtime worked. Fennell was denied a promotion, and therefore more pay. Finally, Fennell was suspended and then fired. . . . Burnley and Fennell were also subjected to a hostile work environment, including threats to their compensation, jobs, and person, closer supervision, being yelled at regularly, being segregated from other employees, and battered in Burnley's case.

However, appellants' arguments are without merit. Fennell failed to provide any proof that the alleged adverse actions were the result of her reporting Reynolds. In fact, she was unable to recall when she even made the alleged report. Arguably, she would have had to have made the report sometime prior to 2011, when she instituted this lawsuit, but her suspension and termination did not occur until 2013. Additionally, she did not even allege that she had applied for Blackwell's position and was denied the promotion. Instead, she alleged that Brown had told her that he would promote her if he was promoted. However, it is undisputed that Brown resigned from his position. Furthermore, Fennell failed to submit any proof that she was entitled to receive overtime hours. Finally, appellees submitted evidence

that Fennell was suspended and terminated as a result of insubordination and budget cuts, respectively. For all of these reasons, the circuit court did not err in dismissing Fennell's whistle-blower claims.

For similar reasons, the circuit court did not err in dismissing Burnley's whistle-blower claims. Although Burnley testified that he reported Reynolds's theft in 2008, he further testified that his problems at work started in 2007. Therefore, Burnley failed to provide any proof that the alleged adverse actions were the result of the report. Consequently, there were no genuine issues of material fact left unresolved, and appellees were entitled to summary judgment as a matter of law. Accordingly, we affirm on this point on appeal.

In appellants' fourth point on appeal, they argue that the circuit court erred in dismissing appellants' employment-related retaliation claims pursuant to Arkansas Code Annotated section 16-123-108 of ACRA. Because we are required to reverse and remand for further findings as we explained in addressing appellants' first point on appeal, it is premature for this court to address the merits of appellants' arguments regarding their employment-related retaliation claims at this time.

In appellants' fifth point on appeal, they argue that the circuit court erred in dismissing appellants' overtime claims filed pursuant to the AMWA based on the fact that they were barred by the statute of limitations. However, when a circuit court bases its decision on more than one independent ground and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the grounds. *Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2014 Ark. 279; *Patel v. Patel*, 2015 Ark. App. 726, 479 S.W.3d 580.

Here, the circuit court granted the motion for summary judgment in its entirety, and appellees specifically argued in their motion for summary judgment that appellants' AMWA claims should be dismissed because the City's payroll records indicated that appellants were compensated for all the time they worked. Therefore, because appellants failed to challenge this ground on appeal and only argue that the circuit court erred in granting summary judgment based on an independent ground regarding statute of limitations, we must summarily affirm without addressing the merits.

In appellants' final point on appeal, they argue that the circuit court erred in dismissing Burnley's battery claim. In their initial brief, appellants' discussion of this point consists of only four sentences, not including the heading, and a reference to Arkansas Model Jury Instruction 417 without any further explanation or citation to authority. Appellants failed to address the specific arguments that were made by appellees to the circuit court and in their motion for summary judgment. Appellees had contended that any battery claim was not factually supported as required by *Costner v. Adams*, 82 Ark. App. 148, 121 S.W.3d 164 (2003).

We have repeatedly held that we will not consider an argument if the appellant does not make a convincing argument or cite authority to support it. *Orintas v. Point Lookout Prop. Owners Ass'n Bd. of Dirs.*, 2015 Ark. App. 648, 476 S.W.3d 174. It is not the duty of this court to research or develop arguments for an appellant on appeal, and the failure to develop a point legally or factually is reason enough to affirm the circuit court. *Id.* Furthermore, although appellants have developed and referenced the arguments raised before the circuit

11

court in their reply brief, an argument made for the first time on reply comes too late. *Id.* Unless an appellant files an initial brief with all its arguments for reversal, an appellee has no opportunity to respond to those arguments in writing, and it is well established that we will not consider an argument made for the first time in a reply brief. *Id.* As such, we summarily affirm this point on appeal.

Affirmed in part; reversed and remanded in part.

HARRISON and VAUGHT, JJ., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

*Sara Teague*, for appellee.