

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–16–75

| | | |
|---|---|---|
| MELISSA PEELER | | **Opinion Delivered** November 2, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CROSS |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 19JV-14-39-4] |
| ARKANSAS DEPARTMENT OF | | |
| HUMAN SERVICES | | HONORABLE KATHLEEN BELL, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

## CLIFF HOOFMAN, Judge

Appellant Melissa Peeler appeals from the circuit court's order granting a petition for guardianship of her minor daughter, P.P., that was filed by Joseph and Meredith Peeler (the Peelers), in the open dependency-neglect case involving P.P. On appeal, appellant argues that the circuit court erred when it allowed the Peelers to become parties to the dependency-neglect case without first finding that they had met the requirements of Ark. R. Civ. P. 24. We affirm.

Appellee, the Arkansas Department of Human Services (DHS), removed P.P. (DOB 08/05/13) from the custody of appellant in June 2014. The affidavit attached to DHS's petition for emergency custody of P.P. stated that a safety check had been requested on the home due to reports of domestic violence. An investigation revealed that appellant and ten-month-old P.P. were living in the home of P.P.'s great-grandmother, Wanda Peeler (Wanda), although appellant was incarcerated at the time of the caseworker's visit. Wanda

indicated to the caseworker that appellant had been charged with stealing a television and other items from her home and that there had been a physical altercation between appellant and Wanda's son, Joe Peeler (Joe), over the theft, during which Wanda had either been knocked down or had blacked out. Although Wanda had evicted Joe from her home following the altercation, she stated that she had then asked him to return so that he could assist her in caring for P.P. Wanda indicated that both Joe and appellant used drugs, and DHS performed a drug screen on Joe, who tested positive for methamphetamine, THC, amphetamine, and benzodiazapine. He admitted that he had used methamphetamine that day even though he had been caring for P.P. The affidavit also indicated that appellant had a prior "true" finding of neglect in 2008 and that there had been an unsubstantiated referral against appellant for prenatal exposure in February 2014. DHS placed a seventy-two-hour hold on P.P. D.Y., appellant's teenage son who had been adopted by Wanda and her husband and who also lived in the home, was not removed at that time.

The circuit court granted DHS's petition for emergency custody and found probable cause for the removal on July 24, 2014. P.P. was adjudicated dependent-neglected in August 2014 based on appellant's stipulation of inadequate supervision due to illegal drug use. The circuit court noted that DHS had been involved with the family since 2008 and that appellant's parental rights had previously been terminated as to two of her older children. The case goal was set as reunification with appellant, with a concurrent goal of relative custody.

Shortly after P.P. was removed from appellant's custody, she was placed with

appellant's brother and sister-in-law, Joseph and Meredith Peeler. The Peelers served as P.P.'s foster parents from July 9, 2014, until December 22, 2014, when the circuit court authorized a trial home visit with P.P. The court ordered that there was to be no one present in the home with the exception of appellant, Wanda and her husband, D.Y., and P.P. The court further ordered that Wanda was to be present to care for P.P. at all times and that appellant was not allowed to be left alone with the child.

In December 2014, the Peelers filed a petition for guardianship of P.P. in the dependency-neglect case, along with a motion to intervene, pursuant to Arkansas Code Annotated section 28-65-107 (Supp. 2015). The Peelers alleged that P.P. was at imminent risk of harm if returned to appellant's custody due to appellant's history of drug use and neglect of P.P. They attached an affidavit from Meredith further detailing their concerns about appellant's ability to care for P.P. DHS filed a response to the petition in January 2015, claiming that the Peelers could not demonstrate that appellant was unfit and that the petition for guardianship should be denied. Neither DHS nor appellant filed a response to the Peelers' motion to intervene.

A hearing was held on the petition for guardianship on July 6 and August 28, 2015. At the beginning of the hearing, the Peelers noted that they had also filed a motion to intervene that had not yet been granted. DHS objected to the intervention, stating that there was no compelling reason for the Peelers to intervene in the case. The Peelers responded that the guardianship statutes mandated that their petition for guardianship be filed in the open dependency-neglect case and that their motion to intervene was not necessarily

required.  DHS indicated that it had no objection to proceeding on the guardianship petition.

Appellant stated that she also objected to the intervention.  She argued that the Peelers were not entitled to intervene under either Ark. R. Civ. P. 24(a) or (b), and she requested that the circuit court rule on the motion to intervene.  The following colloquy then occurred:

| | |
|---|---|
| COURT: | Are you proceeding on your petition to intervene?  The petition for guardianship is required to be filed under statute.  In this case, is there any necessity for a petition to intervene? |
| COUNSEL FOR THE PEELERS: | No.  We're strictly proceeding on the petition for guardianship, and I only filed that petition . . . |
| COURT: | Okay.  Then it's moot.  Let's go on on the petition for appointment of guardian. |
| COUNSEL FOR APPELLANT: | Just for the record, your Honor, so we're not proceeding on the petition to intervene? |
| COURT: | No. |
| COUNSEL FOR APPELLANT: | So the Court is not going to rule on that? |
| COURT: | I don't see any necessity for it. |
| COUNSEL FOR APPELLANT: | Okay.  Thank you, your Honor. |
| COURT: | This is just a hearing on the petition for guardianship. |
| COUNSEL FOR THE PEELERS: | And for the record, Melissa Peeler was served with the motion to intervene with the petition for guardianship and no objection was filed to that, and she was served back in January, and that proof of service is in the record. |

4

COURT:                             All right.  Call your first [witness].

The hearing then proceeded, and the circuit court entered an order granting the Peelers' petition for guardianship and closing the dependency-neglect case on November 17, 2015.  Appellant filed a timely notice of appeal from this order.

On appeal, appellant does not challenge the circuit court's finding that the petition for guardianship should be granted.[1]  Instead, she contends that the circuit court erred when it allowed the Peelers to become parties to the dependency-neglect case without first finding that they had met the requirements of Ark. R. Civ. P. 24.  She claims that parties who seek to intervene in a pending action, including a dependency-neglect case, must move to intervene and comply with Rule 24.  While appellant agrees that the guardianship statute, Ark. Code Ann. § 28-65-107(c)(1), required the guardianship petition to be filed in the open dependency-neglect case, she asserts that this statute does not conflict with Rule 24 and that its requirements were still applicable.  Appellant argues that because the circuit court failed to rule on the Peelers' motion to intervene, they could not proceed with their petition for guardianship of P.P.  She contends that this court should either reverse the circuit court's order outright or reverse and remand with instructions for the circuit court to decide whether

---

[1] In the joint appellees' brief filed by DHS and the attorney ad litem, they argue that the circuit court clearly erred in finding that it was in P.P.'s best interest to grant the Peelers' petition for guardianship.  However, neither DHS nor the attorney ad litem filed a notice of cross-appeal from the guardianship order, and thus, they cannot assert this additional ground for reversal.  *See Boothe v. Boothe*, 341 Ark. 381, 17 S.W.3d 464 (2000) (stating that a notice of cross-appeal is necessary when an appellee seeks something more than it received in the lower court).  In addition, while appellant adopts this additional argument in her reply brief, we will not address arguments made for the first time in a reply brief.  *Fennel v. City of Pine Bluff*, 2016 Ark. App. 275, 492 S.W.3d 887.

the Peelers may intervene under Rule 24.

We do not find appellant's argument to be convincing. While appellant cites to dependency-neglect cases wherein a petitioner's right to intervene under Rule 24 has been ruled on by the trial court and also cases where this ruling has been reviewed on appeal, she cites no authority to support her argument that such an intervention is necessarily required before a person may pursue a petition for guardianship. Notably, Arkansas Code Annotated section 28-65-205(a)(Repl. 2012) provides that "[a]ny person may file a petition" for the appointment of a guardian of an incapacitated person. Arkansas Code Annotated section 28-65-107(c)(1) expressly states that "[i]f a juvenile is the subject of an open case filed under the Arkansas Juvenile Code of 1989, § 9-27-301 et seq., the guardianship petition *shall* be filed in that case if the juvenile resides in Arkansas." (Emphasis added.) Recognizing the mandatory nature of this statute, the circuit court found that it was not necessary for it to rule on the Peelers' motion to intervene in order to allow them to proceed with their petition for guardianship. We do not agree with appellant that the circuit court erred in this regard.

Appellant also argues that to the extent the circuit court's ruling could be considered an implicit grant of the motion to intervene, the Peelers had no grounds to intervene under Rule 24; however, we note that Rule 24(a) allows intervention as a matter of right where a statute confers an unconditional right to intervene. Accordingly, we conclude that there was no reversible error by the circuit court in allowing the Peelers to pursue their petition for guardianship of P.P. in the open dependency-neglect case, and we therefore affirm.

Affirmed.

GLOVER and HIXSON, JJ., agree.



*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.