

# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV
**No.** CV-16-724

| | |
|---|---|
| ARKANSAS DEPARTMENT OF COMMUNITY CORRECTION and ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION<br><br>APPELLANTS<br><br>V.<br><br>THERESA BARCLAY<br><br>APPELLEE | **Opinion Delivered** April 5, 2017<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G500102]<br><br><br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellants Arkansas Department of Community Correction (ADCC) and Arkansas Insurance Department, Public Employee Claims Division, appeal the May 13, 2016 opinion of the Arkansas Workers' Compensation Commission (Commission) that affirmed and adopted the November 5, 2015 opinion of the Administrative Law Judge (ALJ), which determined that appellee Theresa Barclay had proven, by a preponderance of the credible evidence, that she sustained a compensable occupational illness or disease which arose out of and during the course of her employment with ADCC. ADCC argues that the decision of the Commission is not supported by substantial evidence. ADCC additionally argues on appeal that the Commission improperly relied on online materials not in evidence to support its findings. Barclay cross-appeals the Commission's denial of an award of temporary total disability benefits. On all points, we affirm.

## I. *Background*

Barclay was employed by ADCC at its Osceola facility, initially as a security guard and later as a counselor. She was employed there from 2004 until she was terminated on May 29, 2015. Barclay claims that in 2010 she began experiencing migraine headaches, as well as breathing problems. Due to her physical issues, Barclay missed work on occasion. In May 2011, she sought treatment from her primary care physician, Dr. Chimere Ashley. Dr. Ashley treated the symptoms; however, the migraines continued. In 2014, he referred Barclay to Dr. Scott Snodgrass, a board-certified allergist, for further evaluation. Upon testing, Dr. Snodgrass determined that Barclay is allergic to mold.

On October 2, 2015, at the hearing on the workers' compensation claim, Barclay contended that she sustained either an injury or an occupational disease arising out of and during the course of her employment with ADCC, which affected her lungs and caused headaches as the result of exposure to mold at the workplace. Barclay further contended that ADCC should be held responsible for all related medical treatment, as well as all continued, reasonably necessary medical treatment; that she was entitled to temporary total disability benefits for dates to be determined at the hearing; and that an attorney's fee should attach to any awarded benefit.

ADCC asserted that Barclay could not sustain her burden of proving, by a preponderance of the evidence, that she suffered an injury arising out of and during the course of her employment. More specifically, ADCC argued that Barclay could not prove an occupational disease and that she was not disabled as a result of any disease that was due to the nature of her occupation or process in which she was employed within the period

previous to her disablement. ADCC also asserted that Barclay suffered from pre-existing conditions which were not work related and that any disablement was due to her non-work related, pre-existing condition. ADCC further argued that Barclay failed to provide written notice to her employer of an occupational disease within ninety days following the first distinct manifestation thereof as required pursuant to Arkansas Code Annotated section 11-9-603(a)(2)(A) (Repl. 2012). In the event that compensability was found, ADCC contended that, due to an aggravation of a pre-existing condition, its liability should be proportionately reduced as set out under Arkansas Code Annotated section 11-9-601(c)(1). As an affirmative defense, ADCC also asserted that Barclay's claim is barred by the statute of limitations.

At the hearing, Barclay testified that she noticed water leaks and mold at her place of employment when she first began working there. She, and former co-workers, Jeanette Rudditt and JoAnn Tobar, testified that during times of heavy rain, water would leak into the facility and come in under the doors. They further testified that a big storm blew the roof off in June 2014, which led to the growth of more mold. Ronald Beck, testifying as an employee representative, acknowledged that mold was present in the facility prior to the storm in June 2014 and that the mold was still there at the time of the hearing and, due to issues with the insurance company, had yet to be repaired.

Dr. Snodgrass instructed Barclay not to return to work until after the mold problem had been remedied. He stated that the symptoms would worsen if she returned prior to the mold removal. On December 23, 2014, Barclay took the report to Human Resources and was informed that she did not have enough leave time to miss any more days of work.

Consequently, she filed a workers' compensation claim that day, claiming an occupational illness due to mold exposure. The ALJ made the following findings of fact and conclusions of law:

1. The Arkansas Workers' Compensation Commission has jurisdiction over this claim.

2. The stipulations agreed to by the parties are hereby accepted as fact.

3. The claimant has proven, by a preponderance of the credible evidence, that she sustained an occupational illness or disease which arose out of and during the course of her employment with the Arkansas Department of Community Corrections as defined by Ark. Code Ann. § 11-9-601.

4. Additionally, and/or in the alternative, the claimant sustained an inhalant injury as a result of exposure to mold at the workplace, aggravating a pre-existing condition, entitling the claimant to appropriate workers' compensation benefits.

5. Respondents are responsible for all outstanding medical and related expenses for treatment of the claimant's work-related injury, and respondents remain responsible for continued, reasonably necessary medical treatment.

6. The claimant has failed to prove that she is entitled to temporary total disability benefits related to her occupational allergy to mold.

7. This claim is not barred by statute of limitations.

8. All additional issues are, by necessity, specifically reserved.

Upon appeal by Barclay regarding the denial of temporary total disability benefits, and cross-appeal by ADCC regarding the finding that Barclay sustained a compensable occupational illness or disease, the Commission, in a plurality opinion dated May 13, 2016, affirmed and adopted the decision of the ALJ.

## II.  *Standard of Review*

In reviewing decisions of the Commission, appellate courts view the evidence and all reasonable inferences in the light most favorable to the Commission's findings, and the decision will be affirmed if it is supported by substantial evidence.[1]  Substantial evidence exists if reasonable minds could reach the Commission's conclusion.[2]  We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission.[3]  Typically, this court reviews only the decision of the Commission, not that of the ALJ; however, when the Commission affirms and adopts the ALJ's opinion as its own, as it did here, we consider both the ALJ's decision and the Commission's opinion.[4]

We defer to the Commission's findings on what testimony it deems to be credible, and the resolution of conflicting evidence is a question of fact for the Commission.[5]  The Commission has the authority to accept or reject medical opinion and to determine its medical soundness and probative force.[6]

---

[1]*Livermore v. Madison Cnty Judge*, 2014 Ark. App. 617, 447 S.W.3d 130.

[2]*Flynn v. Sw. Catering Co.*, 2010 Ark. App. 766, 379 S.W.3d 670.

[3]*Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, 899 S.W.2d 482 (1995).

[4]*Ozark Nat'l Food v. Pierson*, 2012 Ark. App. 133, 389 S.W.3d 105.

[5]*J.B. Hunt Transp. Servs. Inc. v. Hollingsworth*, 2016 Ark. App. 279, 497 S.W.3d 197.

[6]*Id.*

III.  *Appellant's Appeal*

On appeal, ADCC argues that Barclay failed to prove, by a preponderance of the evidence, that she sustained a compensable occupational disease within the meaning of Arkansas workers' compensation laws.  ADCC contends that because the Commission's decision is not supported by sufficient evidence, Barclay is not entitled to expenses incurred for the treatment of her migraine headaches, and the decision of the Full Commission should be reversed.

The Commission affirmed and adopted the opinion of the ALJ.  A careful reading of the findings of fact and conclusions of law listed above from the November 5, 2015 opinion indicates that two separate grounds for the award of workers' compensation benefits and medical expenses were found: the claimant sustained an occupational illness or disease which arose out of the course of her employment with ADCC and "[a]dditionally, and or/in the alternative, the claimant sustained an inhalant injury as a result of exposure to mold at the workplace…."

The Commission awarded benefits on two distinct and independent bases.  On appeal, ADCC challenges only the finding that Barclay suffered an occupational illness or disease.  ADCC does not challenge the sufficiency of the Commission's finding that Barclay sustained an inhalant injury due to mold exposure at the workplace.  When two or more alternative reasons are given for a decision and an appellant challenges fewer than all of those grounds, we will affirm without addressing any of the grounds.[7]  Therefore, because ADCC

[7]*Fennell v. City of Pine Bluff*, 2016 Ark. App. 275, 492 S.W.3d 887.

failed to challenge the finding that Barclay suffered an inhalant injury, we must summarily affirm without addressing the merits.

ADCC argues a second point on appeal. Specifically, ADCC argues that the Commission acted without or in excess of its powers when the majority decision considered online materials which were not part of the evidence in the record. Arkansas Code Annotated section 11-9-711(b)(4) states, in part, that the Court of Appeals shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the order or award, upon finding that the Commission acted without or in excess of its powers.

The Commission, in its majority opinion dated May 13, 2016, affirmed and adopted the decision of the ALJ. One commissioner separately wrote an opinion concurring with the majority's finding that Barclay failed to prove that she is entitled to temporary total disability benefits and dissenting from the finding that Barclay proved by a preponderance of the evidence that she sustained a compensable occupational disease. A second commissioner also wrote separately to concur in part with and dissent in part from the majority opinion, agreeing that Barclay's exposure to mold in the workplace was compensable, and dissenting from the denial of temporary total disability benefits.

The second commissioner, in his discussion of the air quality at Barclay's workplace, in one paragraph, discussed mycotoxins and included footnotes to online sources. ADCC states that the information acquired from the online sources was not before the ALJ or the Commission and that "[i]t is not fair to a party for a finding to be made upon appeal which clearly relied upon evidence an appellate body found on its own that the party had no chance to investigate or address."

ADCC contends that the Commission's majority opinion relied on evidence from online sources that were not part of the record before the Commission. The majority opinion affirmed and adopted the opinion of the ALJ, which made no reference to nor gave any consideration to online sources. Accordingly, we conclude there is no evidence that the majority relied on any outside materials, and affirm on this point.

IV. *Appellee's Cross-Appeal*

On cross-appeal, Barclay attempts to argue that the Commission incorrectly found that she failed to prove that she is entitled to temporary total disability benefits related to her allergy to mold which developed as a result of her employment with ADCC. However, Barclay has neither provided legal authority for her point nor made a persuasive argument for reversal. As noted above, this court will not consider an issue if the party has failed to cite any convincing legal authority in support of his or her argument.[8] Additionally, the failure to adequately develop a point, either legally or factually, is reason enough to affirm.[9] For that reason, this court does not reach the merits of this point on appeal.

Affirmed.

WHITEAKER, VAUGHT, and MURPHY, JJ., agree.

HARRISON and HIXSON, JJ., dissent.

**KENNETH S. HIXSON, Judge, dissenting.** The majority in this case has not resolved the real issue of whether Theresa Barclay sustained an occupational disease.

---

[8]*Id.*

[9]*Id.*

Because Barclay failed to prove all the elements required to establish a compensable occupational disease, I would reverse the Commission's decision awarding benefits. Therefore, I respectfully dissent.

The evidence demonstrated that Barclay was exposed to mold in the workplace over a period of several years, that she was diagnosed with mold allergies, and that she developed migraine headaches. However, as argued by appellant ADCC, Barclay failed to show that she has an "occupational disease" as defined under the Workers' Compensation Act. The definition of "occupational disease" is "any disease that results in disability or death and arises out of and in the course of the occupation or employment[.]" Ark. Code Ann. § 11-9-601(e)(1)(A). So, to be entitled to benefits, Barclay was required to prove that her alleged disease resulted in disability or death. Obviously, it did not result in death, so Barclay had to prove a disability. Pursuant to Ark. Code Ann. § 11-9-102(8), "disability" is defined as "incapacity because of compensable injury to earn, in the same or other employment, the wages which the employee was receiving at the time of the compensable injury."

In this case, the Commission found that Barclay did not sustain a disability and, therefore, denied both her claim for temporary disability benefits and her claim for wage-loss. Although Barclay challenges the Commission's denial of her claim for disability benefits in her cross-appeal, I would affirm the denial as being supported by substantial evidence.[10] The Commission noted that Barclay is highly educated and that she had continued working

---

[10]The majority opinion affirmed Barclay's cross-appeal without reaching the merits based on its holding that her argument was not sufficiently developed or supported by convincing legal authority. In my view, Barclay sufficiently presented the issue to this court, but her argument fails on the merits.

for ADCC for a period of several years with the same symptoms. Applying the plain terms of the Workers' Compensation Act, Barclay failed to prove a compensable occupational disease because she failed to prove that it resulted in disability or death.

In affirming the Commission's decision in this case, the majority does not address whether the Commission erred in finding a compensable occupational disease; instead, it relies solely on the Commission's alternative finding that Barclay suffered an "inhalant injury." However, there can be no compensable "inhalant injury" under the facts of this case. Because Barclay claimed that her injury was a result of mold exposure over a period of several years, this could not be classified as an injury caused by a specific incident identifiable by time and place of occurrence. Nor could this be classified as a gradual–onset injury, because such injuries are compensable only if they are a back or neck injury, hearing loss, or are caused by rapid repetitive motion, all of which are undisputedly absent in this case. *See* Ark. Code Ann. § 11-9-102(4)(A)(ii).

While this court has previously recognized an inhalant injury as a compensable injury, those cases involved injuries occurring at a specific time and place such as smoke inhalation or chemical inhalation. *See Martin Charcoal, Inc. v. Britt*, 102 Ark. App. 252, 284 S.W.3d 91 (2008); *Bohannon v. Walmart Stores, Inc.*, 102 Ark. App. 37, 279 S.W.2d 502 (2008). In this case Barclay claimed an injury as a result of inhaling a substance over a period of years, which could only be a compensable event if sustained as an occupational injury as defined by the Act. Affirming the Commission on alternate grounds and allowing Barclay's long-term mold inhalation to qualify as a compensable inhalant injury is a considerable expansion

of the Workers' Compensation Act and is a task, by statute, reserved to the legislature. *See* Ark. Code Ann. § 11-9-1001.

HARRISON, J., joins in this dissent.

*Charles H. McLemore Jr.*, Public Employee Claims Division, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Richard A. Reid*, for appellee.