Cite as 2024 Ark. App. 535

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV-23-542

| | |
|---|---|
| HERSHEL HICE | **Opinion Delivered** October 30, 2024 |
| APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| V. | |
| LOGAN COUNTY AND ASSOCIATION OF ARKANSAS COUNTIES | [NO. H102269] |
| APPELLEES | |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Hershel Hice brings this appeal from a decision of the Arkansas Workers' Compensation Commission (Commission). The administrative law judge (ALJ) denied Hice's claim for compensation for a right shoulder injury due to a lack of objective findings. The Commission affirmed the ALJ's decision. On appeal, Hice argues that the Commission erred in denying him benefits and finding that he failed to prove by a preponderance of the evidence that he sustained a compensable injury to his right shoulder supported by objective findings. We affirm.

Hice, an employee of appellee Logan County's road department, slipped and fell on an icy road on February 19, 2021. Hice reported that he landed on his back and tail end and, as a result, suffered low back and neck pain. Logan County accepted compensability of Hice's low back injury. Hice testified that he received treatment for his back and neck pain and all the related medical expenses stemming therefrom were covered by Logan County. According to medical records, Hice had an MRI of both his neck and low back; each MRI was negative and failed to demonstrate a need

for surgery; Hice received treatment in the form of anti-inflammatory medication and physical therapy to address his complaints of back and neck pain.

A cervical MRI conducted on September 16, 2022, revealed "[m]ild disc degeneration in the upper cervical spine, otherwise negative cervical spine MRI." The reason for the exam was listed as "[n]eck pain, chronic neck pain." On October 4, almost eighteen months after the work-related injury, neurosurgeon Dr. Barry Katz evaluated Hice via telephone communication. His notes of the call provide that the "MRI does not show severe stenosis" and that he would refer Hice to "ortho to evaluate [Hice's] shoulder."

Hice was evaluated in the office of orthopedist Dr. Smith by nurse practitioner Patrick Walton. Walton requested an MRI of Hice's shoulder; however, the request was denied.

On February 6, 2023, an ALJ held a hearing on the claim and entered an order on March 1 finding that Hice was not entitled to compensation benefits because he failed to meet his burden of proving that he suffered a compensable right shoulder injury as a result of the February 19, 2021 incident. In a June 16, 2023 opinion after a de novo review, the Commission affirmed and adopted the decision of the ALJ, and it denied and dismissed his claim. Hice appeals the Commission's decision.

In reviewing decisions of the Commission, appellate courts view the evidence and all reasonable inferences in the light most favorable to the Commission's findings, and the decision will be affirmed if it is supported by substantial evidence.[1] Substantial evidence exists if reasonable minds

---

[1] *Livermore v. Madison Cnty. Judge*, 2014 Ark. App. 617, 447 S.W.3d 130.

could reach the Commission's conclusion.[2] We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission.[3]

Typically, this court reviews only the decision of the Commission, not that of the ALJ; however, when the Commission affirms and adopts the ALJ's opinion as its own, as it did here, we consider both the ALJ's decision and the Commission's opinion.[4]

We defer to the Commission's findings on what testimony it deems to be credible, and the resolution of conflicting evidence is a question of fact for the Commission.[5] The Commission has the authority to accept or reject medical opinion and to determine its medical soundness and probative force.[6]

Hice argues that the Commission erred in finding that there was a lack of objective findings to confirm an injury to his shoulder. Hice, as the claimant, had the burden of proving by a preponderance of the evidence that he sustained a compensable injury to his right shoulder.[7] A

---

[2]*Flynn v. Sw. Catering Co.*, 2010 Ark. App. 766, 379 S.W.3d 670.

[3]*Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, 899 S.W.2d 482 (1995).

[4]*Ozark Nat'l Food v. Pierson*, 2012 Ark. App. 133, 389 S.W.3d 105.

[5]*J.B. Hunt Transp. Servs., Inc. v. Hollingsworth*, 2016 Ark. App. 279, 497 S.W.3d 197.

[6]*Id.*

[7]*Rodriguez v. M. McDaniel Co.*, 98 Ark. App. 138, 252 S.W.3d 146 (2007).

compensable injury must be established by medical evidence supported by objective findings.[8] Objective findings cannot come under the voluntary control of the patient.[9]

Hice testified that his pain is the same pain he has experienced since the date of injury. He acknowledged that he at all times referred to this particular pain as "neck" pain. Treatment has been provided, yet Hice still complains of neck pain. Having found no medical reason for the neck pain, Hice was referred to an orthopedic doctor for further evaluation; an MRI of his right shoulder was recommended. We observe that while Logan County did cover expenses related to Hice's neck pain, Logan County has not accepted liability for a compensable injury to Hice's neck. Moreover, Hice has presented no evidence that he ever complained of shoulder pain, much less provided any medical evidence of an injury to that area.

Furthermore, Arkansas Code Annotated section 11-9-508(a)[10] provides that employers shall promptly provide for an injured employee such medical, surgical, hospital, chiropractic, optometric, podiatric, and nursing services and medicine as may be reasonably necessary in connection with the injury received by the employee. Hice reported neck pain at the outset; he did not report a work-related injury to his shoulder. Hice seemingly argues that his shoulder pain is related to the pain he attributed to a "neck" injury; therefore, a shoulder MRI is reasonable and necessary. As pointed out above, Hice did not seek compensation for a neck injury. Although medical expenses related to Hice's complaints of neck pain have been covered, there has been no stipulation that he suffered a

---

[8]Ark. Code Ann. § 11-9-102(4)(D) (Supp. 2023).

[9]Ark. Code Ann. § 11-9-102(16).

[10](Supp. 2023).

compensable injury to his neck and no claim for such has been filed. Therefore, Hice's argument that evaluation of his right shoulder is reasonable and necessary treatment in connection with his neck injury fails.

Additionally, the record contains no objective medical evidence of an injury to Hice's right shoulder. He has made complaints of pain in his neck with no evidence to explain the pain he describes. Even if the complaints had been attributed to his right shoulder, it would still not constitute objective medical evidence to support a compensable-injury finding. Complaints of pain are not objective medical findings.[11]

Failure to establish a compensable injury supported by objective findings is fatal to Hice's claim. For the reasons provided herein, we affirm the Commission's decision denying benefits to Hice for an injury to his right shoulder.

Affirmed.

HARRISON, C.J., and GLADWIN, J., agree.

*Caddell Reynolds*, by: *Matthew J. Ketcham*, for appellant.

*Zach Ryburn*, for appellees.

---

[11]*Ark. Sec'y of State v. Young*, 2018 Ark. App. 508, 559 S.W.3d 331.